[No. 7173.]

## LAMBERT V. SCOTT.

1. TAX TITLES—*Deed as Evidence*—A treasurer's deed is *prima facie* evidence of the regularity of the sale which it recites, where nothing appears therein to the contrary.

2. ——*Void Deed*—A deed which shows upon its face that the land was sold to the county on the only day on which it was offered is void. *Bryant v. Miller,* 48 Colo. 193, followed. So a deed which shows upon its face that the sale was made to the county, and the certificate assigned by the county clerk after the expiration of three years from the date of the sale.

*Error to Yuma District Court.*—Hon. H. P. BURKE, Judge.

Messrs. ALLEN, & WEBSTER, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

Action to quiet title.

1. The land in controversy was sold October 31, 1896, for the taxes of 1895, to Arapahoe county, and on June 5, 1900, the tax certificate was assigned by the clerk, upon which a treasurer's deed was issued. Defendant pleaded the five

years statute of limitations and when this tax deed was offered in evidence as the foundation of his title, plaintiff objected to it, because it showed from its own recitals, that it was void. This objection was sustained; the court found the tax deed was void, and a cloud on plaintiff's title. The deed is in the statutory form, where the property is struck off to the county. It recites that the treasurer on October 31, 1896, at a public tax sale, begun at his office on October 5, 1896, exposed the land in controversy, for sale, for payment of the taxes of 1895, and Arapahoe county having offered to pay the sum due for the whole, which was the least quantity bid for, the land was stricken off to the county, and on June 5, 1900, the county, by Otis Spencer, clerk, duly assigned the certificate.

2. Under our statute, a tax deed is *prima facie* evidence that the things required at and prior to the sale, were done, and that the sale was conducted according to law, unless the deed contains recitals showing affirmatively, that the law was not complied with; in other words, the deed is *prima facie* evidence of the regularity of the sale and of all matters preceding it, unless it shows affirmatively upon its face, by its own recitals, that it is void because the statute was not complied with.—*Lovelace v. Tabor M. & M. Co.,* 29 Colo. 63; *Dyke v. Whyte,* 17 Colo. 301; *Page v. Gillett,* 47 Colo. 291.

3. In *Bryant v. Miller,* 48 Colo. 193, the tax deed recites that on December 16, at a tax sale begun the day before, no person having offered to pay the taxes, and the treasurer being satisfied that no sale could be had, the property was stricken off to the county; the court held this was an affirmative recital in the deed, showing that the property was not offered the day before; but was offered for the first and only time on the 16th, and was sold to the county on the first and only day it was offered, which rendered the deed void upon its face. The case holds where property is sold for taxes to the county for want of bidders, that the dates upon which it was offered, should be set out in the deed, and where only the date of sale is set out, there will be no presumption that the

property was offered at a prior date. The deed in this case was in strict conformity with the form prescribed by statute where the property is stricken off to the county, yet the court held it void from its own recitals for the reasons stated. Upon the authority of that case, we must hold the deed in this case void, because it shows from its own recitals that at a tax sale begun October 5, 1896, the property was stricken off to the county on October 31, 1896. This renders the deed void, because its own recitals show that the property was sold to the county the first and only day it was offered, and the court committed no error in excluding it.

There is still another reason why the ruling of the court was correct. The tax sale was October 31, 1896; the assignment of the certificate was June 5, 1900, more than three years after the tax sale. We have repeatedly held, that the county clerk could make no assignment of a certificate after three years from the date thereof.                    *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.