Cunningham, Judge.
On January* 2, 1908, appellee Neikirk brought her action under, the code,, to quiet title to a quarter section *393 of land in Yuma county, making the appellant company defendant. Plaintiff omitted to state in her complaint that she was in possession of the property, hut the defendant made no attempt prior to the trial, or at all, to take advantage of this omission. Indeed, it was admitted on the trial that plaintiff had sufficient possession of the property to entitle her to commence the aótion, and for that purpose the question of .possession would not be raised. It was also admitted on the trial that the title of the patentee of the land had become vested in plaintiff. Judgment went for plaintiff.
The defendant company relied upon a tax deed issued to it on January 18th, and recorded on February 19th, 1901, and a certain so-called correcting tax deed based on the same sale and recorded on May 5th, 1908. The first tax deed recites that the tax certificate (which had been originally issued to the county and on which both defendant’s deeds were based) was assigned by the county clerk to the defendant more than three years after its date. The so-called correction deed appears to have been prepared for the purpose of concealing, rather than correcting, the defects of the first deed. The second deed recites the sale of the certificate by the county, without stating what officer, if any, made the assignment, or when that transaction took place. In Charlton v. Toomey, 7 Colo. App., 304, it is said:
“No rule of law is better settled than that, in proceedings of the character out of which this controversy grew, the statute must be strictly followed. Any deviation from it and attempted exercise of discretion on the part of the officer vitiates the proceeding and renders the conveyance void. Another rule as well established and equally as potent, is that by recitals of the instrument by which the attempt to convey is made it must affirmatively appear that every preliminary step required *394 to divest the title of the owner was regularly taken as prescribed by law. ’ ’
This opinion has been cited with approval by onr supreme court, and repeatedly by this court. It is clear .that under the rule here established, the failure of a tax deed based upon a tax certificate originally issued to the county and assigned by the county to the grantee in the tax deed to recite the date and manner of the transfer of the certificate renders such deed void on its face. The second tax-deed also fails to recite the amount of the subsequent taxes (that is, the taxes assessed on the property subsequent to the date of the certificate) paid by the assignee of the tax certificate, and for that reason said deed is void.—Barnett v. Jaynes, 26 Colo., 279; Carnahan v. Sieber Cattle Co., 34 Colo., 257.
But, inasmuch as the original tax deed recites that the assignment was made by the county clerk and the correction deed does not negative that statement, the defendant having offered both deeds in evidence, it must be assumed that the- recitations of the first tax deed with reference to the assignment spoke the truth, and defendant is bound thereby. The clerk has no authority to assign a certificate after three years from its date.—Lambert v. Scott, 53 Colo., 357, No. 7173, decided Oct. 7.
Appellant contends that the clerk was empowered to make the assignment of the certificate by a resolution of the board- of county commissioners, and recitations of tins character appear in the second tax deed, and a certified copy of the minutes of the board of county commissioners was introduced in evidence by appellant to support this contention. The statutes designate the officer who may perform this clerical act — the clerk, if he shall act within three years from the date of the certificate (Sec. 3888, M. .A. S.), or the treasurer under certain conditions prescribed in Section 3926i, M. A..S., volume *395 3 (revised supplement). The pertinent portion of the last section referred to, reads as follows:
“Whenever any lot or parcel of land, interest therein or improvement on land shall he hid in by or for the county at any tax sale, pursuant to the provisions of this act, and a certificate of purchase shall be made to such county therefor, the treasurer may sell, assign and deliver such certificate to any person who shall desire to purchase the same upon payment to the treasurer of the amount for which such property was bid in by the county, with interest and penalties accrued thereon from the date of the sale, together with the sum of one dollar for making such assignment; also the taxes assessed thereon since the date of such sale, or for such’ sum as the board of county commissioners at any regular or special meeting may decide.”
While Section 3926i confers upon the board of county commissioners authority to determine the sum at which the certificate may be sold, it does not further extend the authority of the board, but leaves the duty of making the assignment in the hands of the county treasurer and allows him a fee of one dollar for making same. If a purchaser of a tax certificate proceeds under section 3888, he may do business with the clerk on the conditions prescribed in that section, one of which is that the clerk’s authority is limited in point of time to three years after the date of the certificate. If one desiring to purchase a certificate elects to act under section 3926i, he must do business with the treasurer exclusively, unless he desires some advantage in the matter of the sum to be paid for the certificate. He may then resort to the board of county commissioners, whose authority is limited to the fixing of the sum at’ which the treasurer may transfer the certificate to the intending purchaser. But the commissioners may not, under this section, take from the county *396 treasurer the duty imposed upon him by statute, thus depriving him of a substantial right to a fee of one dollar for making the assignment, and transfer that duty to the county clerk or to any other officer or individual.
Decided November 11, A. D. 1912.
Rehearing denied December 16, A. D. 1912.
The recitations in the second tax deed (and probably in the first, but that deed is not sufficiently abstracted to determine this point) seem to be precisely like the deed before us in the case of the Empire Ranch and Cattle Company v. Howell, 22 Colo. App., 389; 125 Pac., 592-3, even as to dates. There it was ruled that the deed was void on its face because it showed that the land was sold to the county on the first day it was offered for sale. The deed before us shows that the land was offered on the 31st day of October, and bid in by the county on that date. In Bryant v. Miller, 48 Colo., 192, it was held thaf the dates upon which the land was offered should be sef out in the deed, and where only the date of the sale ia set out, there would be no presumption that the property was offered at a prior date. See also Lambert v. Scott, supra.
The trial court properly excluded both of defendant’s tax deeds, and its judgment must be affirmed.

Affirmed.