[No. 3859.]

## GILBREATH V. DOE.

1. TAX TITLES—*Notice of Sale—Affidavit of Publisher.* The affidavit of the publication of the notice of a tax sale, required of the publisher by Rev. Stat., Sec. 5709, must contain not only what is specified in that section, but also the statement required by Rev. Stat., Sec. 3933. A tax deed issued pursuant to a sale, the notice of the publication of which is not shown in the manner required by the statute, to have been made in a newspaper of the class specified in the statute, is void.

2. —— *Void Deed—Sale En Masse of Contiguous Tracts Not Returned by the Same Person,* is void. (Rev. Stat., Sec. 5665.)

3. —— *Strict Compliance With the Statute,* must be shown to sustain a sale of land for the non-payment of the tax.

*Error to the Rio Grande District Court.* HON. CHARLES C. HOLBROOK, Judge.

Mr. IRA J. BLOOMFIELD, Mr. HARRY M. HOWARD, for plaintiff in error.

Mr. CHARLES M. CORLETT, Mr. GEORGE M. CORLETT, for defendant in error.

MORGAN, J.

This is an appeal from a judgment for plaintiff in an action to quiet title and setting aside two tax deeds. The assignments of error are predicated upon the

validity of the deeds, both of which the lower court correctly held to be void.

First. The affidavit of the publisher followed the form prescribed by Sec. 5709, R. S.; Sec. 3884, M. A. S.:

"5709. *Publisher's Affidavit — Form — Sec. 182.* Every publisher or printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county an affidavit of such publication made by such publisher, printer, or some other person to whom the facts of publication shall be known, and no printer shall be paid for such publication who shall fail to transmit such affidavit within fourteen days after the last publication. Such affidavit may be substantially in the following form, to-wit:

"I.., A...... B....., publisher (or printer) of the ..........., a ............newspaper, printed and published in the county of .......... and state of Colorado, do hereby certify that the foregoing notice and list were published in said newspaper, once in each week, for .......... successive weeks, the last of which publications was made prior to the ...... day of ..........., A. D. 19...., and that copies of each number of said paper in which said notice and list were published were delivered by carriers or transmitted by mail to each of the subscribers of said paper, according to the accustomed mode of business in this office.

A...... B......,

Publisher (or Printer) of the ........"

However, the affidavit did not contain the statement, required by the following sections, 3931 and 3933, R. S. 1908; 1878a, 1878b, M. A. S.:

"3931. *In What Papers Legal Notices May Be Published—Sec. 1.* No legal notice, advertisement or publication of any kind required or provided by the laws of

the state of Colorado, to be published in a newspaper shall be published or have any force or effect as such unless the same be published in a newspaper printed in whole or in part, and published in the county in which such notice or advertisement is required to be printed, having a general circulation therein, and which said newspaper, if published weekly, has been continuously and uninterruptedly published in said county during a period of twenty-six consecutive weeks prior to the first publication of said notice or advertisement.    *    *    *''

"*3933. Affidavits of Publishers—Sec. 3.* Every affidavit of the publisher of any such legal notice, advertisement or publication shall, in addition to the other matters required to be set forth therein by law, state that the newspaper in which such legal notice, advertisement or publication shall have been made, has been established for the length of time required, and is a newspaper within the meaning of this act.''

Section 5709 was first enacted prior to the two latter sections, and re-enacted in 1901 and 1902, after the enactment of the two latter sections. The act of 1901 and 1902, that re-enacted the provision and the form of the affidavit contained in Section 5709, only repealed certain revenue acts referred to therein, together with all acts and parts of acts in conflict therewith, but made no reference to Sections 3931 and 3933 aforesaid. These sections were, however, neither specifically nor by implication, repealed, and the affidavit of a publisher in tax sale publications, as well as in all other legal notices, must contain the additional matter therein required. The affidavit might have been amended in this respect, but no amendment was asked or made. The deed was therefore void for such insufficiency of the affidavit of the publisher.

Second. Another fatal defect in the tax sale pro-

ceedings renders the deed void: The advertisement and sale *en masse* for a lump sum of several forty-acre tracts, assessed as ''unknown'' and valued and assessed separately. Although the tracts are contiguous, they were not returned by the same person as required by Sec. 5665, R. S. 1908; Sec. 3822, M. A. S., and the evidence disclosed that they were assessed as unknown, and valued and assessed separately. It has been distinctly held in *Page v. Gillett,* 47 Colo., 289, 292, 107 Pac., 290, that ''the only land which the treasurer can sell jointly is such as the assessor can jointly value and assess, namely, adjoining parcels, returned by the same person. Further, the proofs show that this land was in fact separately assessed and valued in forty-acre tracts.''

Many late decisions of this and of the supreme court require strict compliance with the statute in the sale of lands for taxes, where the owner seeks to quiet his title or recover his land. We call especial attention to the language quoted by Scott, P. J., in *McPherrin v. Paul,* 21 Colo. App., 154, 159, 160, 120 Pac., 1051, and by Cunningham, J., in *Empire Ranch & Cattle Co. v. Neikirk,* 23 Colo. App., 392, 128 Pac., 468, 469, quoting from *Charlton v. Toomey,* 7 Colo. App., 304, 43 Pac., 454.

The judgment is affirmed.

*Affirmed.*