Morgan, J.
Appeal from a judgment for the recovery of a quarter-section of land that had been sold for taxes. Appellant contends that the judgment was erroneous wherein it set aside a judgment and decree of the county court, and a tax deed offered in evidence, but excluded, because *50 the county court decree was not supported by an offer of the judgment roll, and the tax deed was void on its face. This contention is not without merit, as the complaint was for the possession of land under the code, and the answer a general denial. However, it appears in the record that, as to the tax deed, aforesaid, and two other tax deeds, also set aside, a stipulation was made, in reference to these deeds and the contents of the decree, that, “the treasurer might compute the taxes and interest and render a statement thereof, and the amount so stated should be inserted in the judgment,” thus bringing the action, under the decisions of this and the supreme court, within the scope and purview of an action for the recovery of land sold for taxes under §5733, Rev. Stat. 1908.—Empire Ranch & Cattle Co. v. Howell, 23 Colo. App., 265, 129 Pac., 247; Rustin v. M. M. & T. Co., 23 Colo., 358, 47 Pac., 300. The stipulation shows a desire to have the taxes, paid by defendant, returned, and premises the concession that the deeds under which they were paid might be set aside and cancelled, as done by this court in the first case above cited.
As to the decree of the county court, it was not error to exclude it, under the ruling of this court in the case of Terry v. Gibson, 23 Colo. App., 273, 128 Pac., 1127, wherein a similar judgment was excluded and set aside under almost identical circumstances, and the judgment affirmed. In that case Cunningham, Judge, citing numerous authorities, said:
“The true rule with reference to the admission of a document of this sort is that for the purpose of proving the existence and contents of the judgment or the mere rendition of it, the record thereof, or an authenticated copy of it, is sufficient without producing the remainder of the record; but when the record of a judgment is offered as an estoppel, or, when as in this case, it is *51 offered as an adjudication of certain facts, it must be accompanied by the judgment roll. ’ ’
In the later case, also, of Empire Ranch & Cattle Co. v. Coleman, 23 Colo. App., 351, 129 Pac., 522, the same conclusion was reached. However, the error particularly complained of, on this appeal,, is that the judgment of the lower court set the decree of the county court aside and held it for naught, because it was void, although it was not referred to in the pleadings, was valid on its face, and the judgment roll was not introduced to show its invalidity. That the lower court was in error in this particular has been determined by this court in the case above cited, Empire Ranch & Cattle Co. v. Coleman, wherein the court, by King, Judge, said:
“There is no doubt as to the right of the district court to hold a county court decree void on a collateral attack, provided it affirmatively appears from the judgment roll that the judgment was void for want of jurisdiction in the county' court. — Empire Ranch & Cattle Co. v. Coldren, 51 Colo., 115, 117 Pac., 1005. But we think that where, as in the instant case, the decree of the county court, regular on its face, containing recitals which, if true, would give the court jurisdiction to pronounce the decree, is rejected when offered as evidence of title and as an estoppel, for the sole reason that the judgment roll was not offered to support it — in other words, the decree is excluded for want of competent and sufficient evidence to show that the court had jurisdiction of the parties, instead of for the reason that an affirmative .showing has been made that the court had not jurisdiction to render the decree — the court was without authority to adjudge the decree null and void, and the judgment should have been limited to holding the said decree of no force or effect as against the plaintiff’s title. *52 A decree that is not affirmatively shown to be void should not, upon a collateral attack, be so adjudged.”
This is particularly true where, as in this and the Coleman case, the complaint was the code action for possession and the answer was a general denial. The judgment of the court should, therefore, be modified and limited to a statement therein, that the decree of the county court has no force or effect as against the plaintiff’s title. The better pleading in all such cases, when the plaintiff desires to have tax deeds and decrees of courts set aside, is to attack them in the complaint, or, when pleaded in the answer, to attack them in the replication.
All other assignments, concerning the tax deeds relied upon by defendant and offered or admitted under its general denial, have been heretofore determined against the appellants, with the possible exception of the deed admitted without objection, dated and recorded June 26, 1908, in Book 44, page 21, of Yuma County records. This deed was not recognized in the judgment; however, appellant contends that it was absolute proof of title in the defendant, because it was admitted without objection, and fair on its face, and that plaintiff could not introduce proof of its latent infirmities, under the general denial of the replication. An examination of the record discloses that no evidence was introduced attacking it, but it appears to have been issued upon the same sale as the first deed, offered and excluded as void on its face, because the certificate was assigned by the county clerk more than three years after the sale, and must have been in .the nature of a correction deed. It does not disclose what officer of the county assigned the certificate, nor when it was assigned, but it does disclose that the assignment was authorized by the board of county commissioners, “on - day of Apr., 1901,” the same *53 month, with the day omitted, that appears in the first deed, aforesaid. This brings the deed within the rule announced in Empire Ranch & Cattle Co. v. Neikirk, 23 Colo. App., 392, 128 Pac., 468, 470, wherein this court said:
“But, inasmuch as the original tax deed recites that the assignment was made by the county clerk, and the correction deed does not negative that statement, the defendant having offered both deeds in evidence, it must be assumed that the recitations of the first tax deed with reference to the assignment spoke the truth, and defendant is bound thereby. The clerk has no authority to assign a certificate after three years from its date. Lambert v. Scott, 53 Colo., 357, 127 Pac., 142.”
Therefore, as modified, the judgment is affirmed.