[No. 7972.]

## MORRIS V. GRAUBERGER ET AL.

1. TAX TITLES—*Tax Sale—Effect on Previous Tax Sale.* A tax sale, regular in all respects, obliterates a title acquired under a previous sale.

2. EJECTMENT—*Outstanding Title.* Title outstanding in a third person defeats plaintiff's action.

*Error to Logan District Court.* HON. H. P. BURKE, Judge.

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. MCCONLEY & HINKLEY, for defendants in error.

GABBERT, C. J., delivered the opinion of the court.

Plaintiff in error brought an action in ejectment against defendant in error, Grauberger and another, to recover possession of a quarter section of land in Logan County. Judgment was in favor of Grauberger, and plaintiff brings the case here for review on error.

To establish her title plaintiff introduced in evidence two tax deeds, one based on a tax sale for the delinquent taxes of 1889, and another on a tax sale for the delinquent taxes of 1891. She also introduced conveyances from which it appears that the title obtained by the grantees in these tax deeds has been conveyed to her. To establish his title defendant, Grauberger, introduced in evidence a tax deed to the Municipal Debenture Company, based on a tax sale for the delinquent taxes of 1893. The land in controversy was levied upon as the property of the Municipal Debenture Company, under an execution issued on a judgment in favor of one Gillett, and against the Debenture Company. On this sale a sheriff's deed was issued to Gillett, and it was stipulated at the trial that whatever title Gillett obtained by the sheriff's deed, was vested in the defendant, Grauberger. The basis of the title of the Debenture Company was the tax deed issued to it, and to which we have referred. The judgment roll in the case of Gillett against the Debenture

Company was admitted in evidence, and it is claimed on the part of plaintiff, that from this source it appears the judgment against the Debenture Company was void and of no effect, because it appears, that the company was never served with a summons in the action.

It is unnecessary to determine whether or not the judgment roll exhibits facts relative to the service of summons on the Debenture Company under which the sheriff's deed issued, which renders the judgment void. The tax deed issued to the Debenture Company is not attacked, nor claimed to be invalid. It was issued on a sale of the premises for taxes levied at a later date than those upon which the tax deeds under which plaintiff claims title were issued, consequently the title thereby acquired is paramount to that obtained by the tax deeds upon which plaintiff bases her title. It thus appears that even though the sheriff's deed under which Grauberger claims title may be invalid, and did not convey any title, the Debenture Company is the owner of the premises in dispute by virtue of the tax deed issued to it, and therefore plaintiff is not entitled to recover. In *Dyke v. White*, 17 Colo. 296, 29 Pac. 128, it was ruled that in a civil action under the code in the nature of ejectment, a recovery by the plaintiff is as effectually barred by proof of a valid outstanding title in a third party as by showing title in the defendant.

It is also urged on behalf of plaintiff that the court erred in not rendering judgment awarding her the taxes which she had paid by virtue of the tax sales under which the tax deeds upon which she bases title were issued. This question was not presented to the trial court.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

GARRIGUES, J., and SCOTT, J., concur.