## No. 9112.

### HENRYLYN IRRIGATION DISTRICT v. PATTERSON.

IRRIGATION DISTRICT—*Right to Purchase Land at Tax Sale.* Lands sold to the county for taxes are excepted from the provisions of c. 109 of the Acts of 1915. Such lands are not to be sold at all for taxes until by redemption or sale the county is made whole.

*Error to Weld District Court, Hon. Neil F. Graham, Judge. Department.*

Mr. JOHN R. SMITH, Mr. H. B. WOODS, for plaintiff in error.

Mr. WALTER E. BLISS, for defendant in error.

Opinion by Mr. Justice Teller.

The plaintiff in error sought by mandamus to compel the defendant in error, as County Treasurer, to strike off to it lands alleged to be subject to sale for delinquent taxes where no bids were made for the same, relying on the provisions of chapter 109 of Laws of 1915 to support its demand. That statute makes it the duty of the County Treasurer, at a tax sale, to strike off to an irrigation district, lands in the district offered, and for which no bids are received. The writ recites that the defendant in error excuses his non-compliance with such statute by the fact that the lands which he did not strike off to the district had, at former sales, been struck off to the county, and that it still held certificates thereon.

The only question presented is as to the duty of the County Treasurer, in the circumstances stated, under section 5713, R. S. 1908, which provides generally for the sale of lands on which taxes are delinquent, and closes with the following:

"No taxes assessed against any lands purchased by the county under the provisions of this action shall be payable until the same shall have been derived by the county from the sale or redemption of such lands."

The statute of 1915 above cited contains a similar provision making taxes assessed on lands struck off to the district payable only from funds derived from a sale or redemption of such lands.

The defendant in error cites the case of *Emerson v. Valdez*, 24 Colo. App. 462, 135 Pac. 137, as decisive of this question. It was there held that, when there was an outstanding tax sale certificate in the hands of a county, no taxes on the land covered by the certificate could be due and payable at the time of a subsequent tax sale.

It is therefore contended that, as to the lands in the district on which the county held tax certificates, the statute of 1915 does not apply, since such lands were not subject to tax sale.

Every tax sale, regular in all respects, is the beginning of a new title, which is paramount to titles originating in former sales; *Morris v. Grauberger*, 59 Colo. 164, 147 Pac. 674. If, then, the land, on which the county holds certificates, be again sold for taxes, and be bought in, the county loses all interest in the property, and the taxes for which it received the certificate need never be paid. We think the construction given to the statute by the Court of Appeals is correct. It follows that the district has no right to have struck off to it lands on which the county holds certificates issued on sales prior to 1915.

The judgment is therefore affirmed.

*Judgment Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.