No. 9591.

KOBEY v. BOARD OF COUNTY COMMISSIONERS OF PITKIN CO. ET AL.

1. PLEADING—*Improper Parties.* Where an action is brought against the county commissioners to compel the doing of an act which can only be performed by the county treasurer under the statute, the treasurer not being joined as a party, a general demurrer to the complaint was properly sustained.

2. TAXATION—*Assignment of Tax Certificates.* Section 6439 M. A. S., 1912, confers upon the board of county commissioners authority to determine the sum at which a tax certificate, belonging to the county, may be sold, but leaves the duty of making the assignment of certificates to the county treasurer.

*Error to the District Court of Pitkin County, Hon. John T. Shumate, Judge.*

Mr. THOMAS A. RUCKER, Mr. HARRIS KOBEY, *Pro se.*, for plaintiff in error.

No appearance for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFF in error brought suit against defendants in error alleging in his complaint that the defendants, the Board of County Commissioners, had offered for sale certain tax certificates belonging to Pitkin County, and had accepted his bid therefor, and that he made payment to the County Treasurer of the amount of his bid. That before said certificates had been assigned to him, the defendant in error, Jewett, bought said certificates from the County Treasurer and paid therefor the full amount of taxes then due.

Plaintiff prays for an order directing the certificates of purchase to be assigned to him, an injunction to prevent the issue of a tax deed by the County Treasurer to defendant, Jewett, and that, if said deed be issued before a final hearing of the action that the tax deed be set aside, and for general relief. A general demurrer to the complaint was sustained and the plaintiff, having elected to stand upon his complaint, has brought the case here on error.

There is no brief filed in behalf of defendants in error or any of them. We are, therefore, not advised as to what the trial court considered lacking in the complaint. On the face of it, however, it appears that plaintiff was seeking relief against parties who had no authority to grant it.

Under Section 6439 M. A. S., 1912, the County Treasurer is authorized to sell, assign and deliver tax certificates issued to the county, upon payment to the Treasurer of such sums as the Board of County Commissioners may decide. Here the County Treasurer is not made a party, though he is the only person who could give plaintiff relief.

In *Empire Ranch and Cattle Co. v. Neikirk*, 23 Colo.

App. 392, 128 Pac. 468, it is held that the above section confers upon the Board of County Commissioners authority to determine the sum at which the certificate may be sold, but leaves the duty of making an assignment of certificates in the hands of the County Treasurer. Further, that the commissioners may not take from the County Treasurer the duty imposed upon him by statute, and thus deprive him of the statutory fee for making the assignment.

Plaintiff, not having presented a case against the defendants, or either of them, which entitled him to any relief, the general demurrer to the complaint was properly sustained. The judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.