## No. 13,671.

### COWEN ET AL. *v.* DRISCOLL CONSTRUCTION COMPANY.
(47 P. [2d] 390)

Decided May 20, 1935.   Rehearing denied July 1, 1935.

Mr. ROGER UNDERWOOD, Mr. ROY A. PAYTON, for plaintiffs in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE Driscoll Construction Company, as plaintiff, brought an action in the nature of ejectment against James S. Cowen and his wife, as defendants, to recover

six city lots in the city of Pueblo. A jury was waived. Findings and judgment went for the plaintiff, and the defendants now prosecute error.

█ The complaint is in the usual form and alleges the plaintiff's ownership and right of possession.

The answer contains a general denial. It also, in a so-called further defense, affirmatively alleges that a tax deed was issued by the county treasurer of Pueblo county to the defendant James S. Cowen on August 27, 1930, conveying the title of the lots to him, that the grantee went into possession, that he made necessary and valuable improvements, that on May 31, 1933, he conveyed the premises to his wife, and that he is occupying them as her tenant.

Of course the plaintiff must prevail on the strength of its own title if at all.

On the trial the plaintiff relied upon a quitclaim deed from the owner of the record title, recorded on February 1, 1934 (which is brought up by the plaintiffs in error as part of the bill of exceptions); and, in addition, upon a tax deed issued to it by the county treasurer of Pueblo county, recorded on January 13, 1934. This tax deed was given in exchange for a tax certificate issued to Pueblo county as purchaser of the property at tax sale in 1921, which certificate was not assigned by the county until September 12, 1933.

1. Under the evidence herein, if the title of the premises became vested in the company either by the quitclaim deed or by its tax deed, the judgment of the lower court must be affirmed, unless the tax deed relied upon by the defendants and recorded on August 28, 1930, is valid and thus divests the title of the plaintiff.

The defendants' counsel contend that the tax deed issued to the plaintiff is void, alleging various grounds in support of their contention.

However, it is not necessary to enter upon a consideration of the issue thus raised as to the validity of this tax deed, inasmuch as the quitclaim deed before us con-

veys a sufficient prima facie title to the plaintiff. The one question, therefore, is whether that title has been divested by the tax deed under which the Cowens claim.

2. The tax deed relied upon by the Cowens purports to have been given in exchange for a certificate of purchase, or tax certificate, which had been received by the Pueblo Conservancy District when it bid in the property here involved on November 27, 1926, for delinquent taxes assessed against the property on account of an assessment for local improvements made in and for the district under chapter 1 of the Session Laws of the Special Session of 1922. The certificate was assigned to Cowen by the county on March 11, 1930. The deed was issued to Cowen on August 27, 1930, the day before it was recorded.

The plaintiff assails this conservancy tax deed on two alleged grounds, namely, first, because under our statute the tax deed could not issue on the premises in question so long as the outstanding certificate of purchase issued to Pueblo county in 1921 (and assigned to the plaintiff in 1933) was still held by the county, and, secondly, because under certain statutes of Colorado the lien for the general taxes involved in the 1921 sale and in the plaintiff's tax deed is paramount to the lien for the conservancy taxes.

■ Compiled Laws 1921, page 1894, section 7409, after prescribing the method of tax sale, says: "No taxes assessed against any lands purchased by the county under the provisions of this section shall be payable until the same shall have been derived by the county from the sale of redemption of such lands." These words are plain of meaning, and have been interpreted accordingly. *Emerson v. Valdez*, 24 Colo. App. 458, 135 Pac. 137; *Henrylyn Irrigation District v. Patterson*, 65 Colo. 385, 176 Pac. 493. Since the sale involved in the plaintiff's tax deed was made to Pueblo county in 1921 and that county held the certificate until it assigned the same to the plaintiff in 1933, more than three years after the execution of the conservancy tax deed, the latter was improvi-

dently issued and is clearly invalid as against the plaintiff.

■ Having decided that the plaintiff's contention on the first ground is correct, we need not consider the contention based upon the second ground. Incidentally we may say that our decision does not affect the lien for the conservancy tax, as a lien. Such lien still survives under the conservancy act and all other applicable statutes, and will eventually have to be discharged.

From what we have said it follows that the judgment of the district court must be affirmed.

Judgment affirmed.

Mr. Justice Hilliard not participating.