## No. 15,667.

COLPITTS *v.* FASTENAU.
(192 P. [2d] 524)

Decided March 22, 1948. · Rehearing denied April 12, 1948.

Mr. JOHN T. DUGAN, Mr. RICHARD PEETE, for plaintiff in error.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. MANDEL BERENBAUM, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

ACTION was brought by defendant in error, Fastenau, as plaintiff, on April 17, 1944, to determine interests in certain real estate situate in Washington county. Therein plaintiff in error, Colpitts, defended and asked that his title be quieted, asserting ownership by virtue of a treasurer's deed to the county dated the 26th day of December, 1939, issued under tax sale in 1932, and deed from the county to him of like date as the county's deed,

whereunder he had been in possession since its date. Defendant Colpitts here seeks reversal of unfavorable judgment below.

 The issues here presented all involve construction of a tax deed. Under the early common law every presumption was against the validity of such a deed, and the burden was on the claimant thereunder to prove compliance with every provision of the statute in the most minute detail. The recent tendency of the courts has been to relax the strict requirements of the common law as to proof of the validity of tax sales, to regard many provisions as directory which were formerly considered mandatory, and to apply in tax proceedings, as in other public acts, the rule of evidence that a public officer is presumed to do his duty. *Consolidated Motors v. Skousen,* 56 Ariz. 481, 109 P. (2d) 41. This court long ago noted the changing attitude, and we said in *Waddingham v. Dickson,* 17 Colo. 223, 29 Pac. 177, speaking through Hayt, C. J.: "There was a time when it was quite generally believed that all tax titles could be overthrown. But modern legislation and the trend of recent judicial reasoning upon the subject have served to place tax titles upon a more substantial basis. The payment of taxes is a duty which property holders owe to the. government. If they neglect this duty they have no right to expect relief from the courts on account of merely technical errors on the part of the public officers, where no substantial right has been lost or impaired as in this case." By section 44, Chapter 150, Laws of 1927, now section 151, chapter 40, '35 C.S.A., our legislature declared it to be the policy in this state that all laws affecting title to real property and all recorded instruments should be liberally construed with the end in view of rendering such titles absolute and free from technical defects, so that subsequent purchasers may rely on the record title, and not be defeated by technical or strict construction, and so that the record title of the

party in possession shall be sustained and not defeated by technical or strict construction.

■ Error is first urged in the finding of the trial court that the treasurer's deed to the county, under which defendant asserts title, is void on its face, in that the acknowledgment is fatally defective. Our revenue statute at section 257, chapter 142, '35 C.S.A., provides a statutory form of treasurer's deed, followed by a long form of acknowledgment. Section 258 of the statute requires that the deed be acknowledged by the treasurer before some officer authorized to take acknowledgments of deeds, and we assume intent that such acknowledgment be in the long form set out in section 257. In 1927, the legislature adopted an act (§107, et seq., c. 40, '35 C.S.A.), since amended, S.L. '37, p. 477, and S.L. '39, P. 289, as to matters not here involved. Therein there is set out a short form of acknowledgment, and it is declared that any deed or other instrument relating to or affecting title to real property, acknowledged substantially in accordance with that form, shall be prima facie evidence of the proper execution thereof. The tax deed under which defendant Colpitts claims bore acknowledgment in the short form provided by the 1927 act as printed on the deed. Defendant's deed is valid on its face if the 1927 statutory form of acknowledgment was intended by the legislature to apply to treasurer's deeds.

We have held that the treasurer in executing deeds acts under a naked statutory power; that he must comply substantially with the statutory provisions; that the form of treasurer's deed is a special one, and that it will not be assumed that the legislature intended to modify it in any way by subsequent statute unless the intention to do so clearly appears. *Sayre v. Sage,* 47 Colo. 559, 108 Pac. 160.

The 1927 statute is sufficiently broad in its title to include treasurer's deeds. It is entitled, "An act concerning real property and to render titles to real property and to interests and estates therein, more safe,

secure and marketable," and it is declared to be the policy in this state that this act shall be liberally construed. The act itself declares that *any* deed or other instrument relating to or affecting title to real property acknowledged substantially in accordance with the form there prescribed before a proper official shall be prima facie evidence of the proper execution thereof. The act further specifically provides that the form of acknowledgment therein prescribed shall be prima facie evidence, "If the acknowledgment be by a person in a representative or *official* capacity, that the person acknowledging the instrument acknowledged it to be his free and voluntary act in such capacity * * *." The specific reference to acknowledgment by a person in an "official capacity" further indicates intent to have it apply to instruments executed by a county treasurer in his official capacity as such.

■ The purpose of acknowledgment "is to prove the execution of the conveyance, so as to insure its authenticity when presented for registration, and to enable it to be used in evidence without further proof of its execution by the grantor. * * * The certificate is simply evidence of the execution of the deed supplying the place of direct proof, and, like all other evidence, should receive a reasonable construction." 1 Devlin on Real Estate (3d ed.), p. 814, §464. No reason appears for further insurance of authenticity of a county treasurer's signature than that of any other grantor. In fact, there would appear to be less reason for fear of forgery of an official deed, and in at least one jurisdiction a tax deed does not require acknowledgment, seal or witnesses. *Smith v. Dwight*, 80 Ore. 1, 156 Pac. 573. Both from the wording and purpose of the 1927 statute, we believe the form of acknowledgment therein set out was intended to apply to treasurer's deeds.

■■ Any doubt as to such intent has now been removed by section 1, chapter 158, Laws of 1947, which provides: "Any tax deed heretofore or hereafter exe-

cuted by a County Treasurer, pursuant to Section 257 of Chapter 142, 1935 Colorado Statutes Annotated, if acknowledged in conformity with the provisions of Section 107, Chapter 40, 1935 Colorado Statutes Annotated, as amended, shall be, and shall be considered for any and all purposes as having been, properly acknowledged; and such acknowledgment shall carry with it the presumptions provided for by said Section 107 of said Chapter 40, as amended." To hold that statute merely amendatory of the prior statute would be to make ineffective the words "heretofore or," while to hold it declaratory of the legislative intent in the former statute follows the cardinal rule of construction that effect must be given, if possible, to the whole statute and every part of it. We conclude that the treasurer's deed was not void on its face, and the trial court erred in so finding.

██ ██ The trial court, although basing its decision on the finding that the deed was void on its face, made further finding that the deed was void for four separate defects or omissions in the proceedings preliminary to its issuance, which we shall discuss in the order briefed by defendant in error, keeping in mind that as to such matters the deed itself is prima facie evidence of regularity (*Imperial Securities Co. v. Morris*, 57 Colo. 194, 141 Pac. 1160, *Richardson v. Halbekann*, 97 Colo. 175, 48 P. (2d) 1014), and that the burden was on the plaintiff to overcome that presumption, but that on findings of fact by the trial court in favor of plaintiff, reversal may be had only where such findings are due to error of law or failure of support by substantial evidence.

A. The court found that the treasurer's affidavit of posting was defective. This finding is based upon plaintiff's contentions: (1) that the affidavit shows that the time of posting was insufficient; (2) that the affidavit does not show posting of notice but only of list of properties; and (3) that the affidavit does not show posting in the place required by statute.

██ ██ (1) The sale was held on the 12th day of

December. The statute required posting for not less than four weeks before the sale. The affidavit of posting, when offered in evidence, recited that it had been posted on the 17th day of November. However, the county treasurer, who made the affidavit, testified that when he made and filed the affidavit, the date of posting as shown therein was November 10; that the numeral 10 had been subsequently changed to 17; that the original figure was still visible on the affidavit; that the 7 was from a different typewriter and clear cut and black and sharp, while the remaining copy was from a dirty machine with dull ribbon. The evidence of change was further testified to by the county clerk, who also testified that the files might have been removed from their bindings. The trial court held the affidavit conclusive in its submitted form and disregarded other evidence in arriving at his decision. The positive and undisputed testimony of the county treasurer, supported by the appearance of change visible by inspection of the affidavit, was further corroborated by the fact that the list itself recited that it was signed and sealed by the treasurer on the ninth day of November. This evidence was both admissible and sufficient to overcome the probative force of the date presently in the affidavit, and the presumption of regularity requires finding of the proper posting of the notice.

(2) The treasurer's affidavit recited that, "he posted a true, full and correct copy of the delinquent tax list of the taxes for the year 1931, and of which the attached and next list is a true copy." The statute requires affidavit showing the posting of the list and notice of sale. As we said in *American Bond and Investment Co. v. Hopkins*, 46 Colo. 460, 104 Pac. 1040: "While no form is prescribed by the statute for the affidavit of posting, it is evident that the affidavit must be sufficiently certain and specific to reasonably show that, in fact, the requirements of the statute, relative to the contents of the notice, have been substantially complied with, and that

the notice posted referred to some particular sale." Here the affidavit has attached to it, and in effect made a part of it, a printed list, and affiant declares that such attached list is a true copy of the posted list. Such list following the printed heading, "Publication List Delinquent Taxes For The Year 1931," contains the notice, as required by law, printed and placed at the top of the property descriptions. Therein this differs from the American Bond and Investment Co. case, supra, wherein the affidavit, as we noted, did not in any way refer to a list or notice attached. Here the affidavit, including the attached and verified list and notice, is sufficient reasonably to show that, in fact, the requirements of the statute relative to the posting of notice and list were complied with.

(3) The statute provides that the notice and list be "posted in a conspicuous place on or near the outer door of the office or building commonly used as the office of the treasurer," while the affidavit recites the posting "in a conspicuous place in the anteroom near the west front door of the court house at Akron." Thus the affidavit shows posting in a conspicuous place and near the outer door as required by the statute, and fails in strictly following the statute only in reciting "courthouse" instead of "office or building commonly used as the office of the treasurer." The statute requires the treasurer to keep his office at the county seat of the county and in the office provided by the county. Section 176, chapter 45, '35 C.S.A. We take judicial notice that Akron is the county seat of Washington county. In common parlance, the word "courthouse" refers to the building where county offices, as well as the court, are housed. The courthouse is the building commonly used as the office of the treasurer. There is no suggestion that the county treasurer's office was not, in fact, in the courthouse, and the statement in the affidavit is sufficiently certain and specific reasonably to show that the requirements of the

statute "have been substantially complied with." Accordingly, the court erred in this finding.

B. The court further found that the delinquent tax list and notice of tax sale were not published for the time and in the manner provided by statute. In connection with that finding the court specifically declared that "the statutes and decisions with reference to filing the record of sale with the county clerk and recorder seems exclusive evidence on this [issue]. * * * And the court has considered that record as shown by the exhibits and now holds that they are exclusive evidence thereof." In fact, the publisher's affidavit as to publication was in compliance with the provisions of the statute, except that it did not contain the required statement that the newspaper was a legal newspaper as was held necessary in *Gilbreath v. Doe,* 24 Colo. App. 205, 132 Pac. 1146. However, this omission was corrected by the filing of a supplemental affidavit fully satisfying the requirements of the statute and in conformity with our holding in *Sternberger v. Moffat,* 44 Colo. 520, 99 Pac. 560, that the affidavit might be supplemented in that respect. Therefore, the trial court erred in finding from the exhibits that publication was not for the time and in the manner required by statute. The sufficiency of the affidavit and amended affidavit are not challenged by defendant in error. However, in her behalf it is here urged that the testimony of the publisher of the paper discloses that his original affidavit did not speak truth. Whether the publisher may thus impeach his own affidavit which has long been a part of the public records and upon which the public had a right to rely, we find it unnecessary to determine. See, *Gardner v. Cherry,* 51 Colo. 150, 116 Pac. 1127. Assuming that it might be so impeached, the evidence of the publisher to contradict it is based solely on the fact that in the bound copies of his newspaper in his private files he did not find a copy of the published notice and list included in each of the issues which would be required to satisfy the statement in his affi-

davit of publication. In his testimony he admitted the making of the affidavit and his belief as to its truth at the time, that an issue or part of an issue of a paper might be missing from his file, and that he does not know of his own personal knowledge as to the times and dates of publication, but that his testimony is based on his private files. Such uncertain testimony, if admissible, was not sufficient to overcome the positive statement contained in his affidavit made at the time of the publication thirteen years before.

 C. The trial court further found that the notices preliminary to the tax sale were not sent out between August 1, 1932 and September 1, 1932. The only evidence offered to contradict the prima facie proof established by the recitals in the deed, was the attempted impeachment of the record by the testimony of the treasurer himself, which was not a denial, but a failure of recollection as to the date of sending out notice, and an admission of a possibility that the notices were mailed after the first of September. Assuming again that the treasurer may be permitted to impeach his official record, the presumption of regularity cannot be overcome by mere failure of memory of the officer or statement of possibility, or even probability, of irregularity testified to by the official many years afterwards. It is not enough to prove facts from which an inference of irregularity may be drawn; in order to overcome the burden of proof, the evidence must be such as to exclude any reasonable presumption of regularity. *Lacey v. Davis*, 4 Mich. 140.

 Finally, the trial court found that the land was in fact not reoffered on the second day of the sale as required by statute. Here again the only evidence introduced to overcome the prima facie proof established by the recitals in the deed, was the testimony of the treasurer who sold the property. He testified thirteen years after this sale as to his general custom that when properties were not bid in on the first day they were offered

for sale the next day; that it was very informal; that he could not say that he formally read off the notices as such or the individual parcels that remained unsold; that if there was nobody present he would say, "well, if there is nobody present, they will be sold to the county;" that he could not remember exactly what he did except in a general way; that he thought he was following the statute as a public official in the handling of these sales and that he did not know of his own personal knowledge just how he handled this particular sale in 1932; that he would not swear he did not read the formal notice; that he did not recall.

The requirement of the statute is only that the treasurer shall reoffer the property the next day. It does not require the formal rereading of the notice of sale or legal description of the property. Its purpose is patent—to give reasonable opportunity for all so desiring to bid, and to make sure there were no bidders present before striking any property off to the county; and such only is its requirement. Where persons were present the deed is prima facie evidence that the requirement of the statute was observed. Where no one was present, there could be no bidding, and the treasurer's customary announcement to the vacant room at the proper time, that if there was nobody present the properties would be sold to the county, was unmistakable notice that he was ready to offer the property if a bidder was there. To require formal announcement and reading of the notice of sale and each property description with none present to hear or bid, is to require a vain and useless thing, and make of the law a ritual of sacred incantations rather than a rule of common sense.

But if we shall agree, for the purpose of the argument, that such formal reading was necessary, we still have the prima facie proof from the recitals in the deed that this was done. The burden is on the attacker to overcome that proof. Assuming again that the treasurer may impeach his own record, still his positive sworn state-

ment at the time of the sale and the presumption arising from the recitals in the deed as to this particular sale cannot both be overcome by his mere recollection thirteen years later, as to what was "generally" done under a particular circumstance, to wit: when nobody was present, particularly when there was no testimony that there was nobody present at this particular sale.

In other words, positive evidence of the doing of a particular act, which by the statute is made prima facie proof thereof, cannot be overcome merely by showing of customary conduct to the contrary under certain circumstances which may or may not have then existed. There is no factual support for such finding by the trial court. In fact, its finding was, not that the property had not been offered on the second day, but rather that the evidence as to the property being so offered "is so wholly unsatisfactory that I must and do hold again with Fastenau." The burden of the evidence was not on Colpitts, but on Fastenau, and if, as the court found, the evidence was wholly unsatisfactory, he was required by his own finding to hold against Fastenau, not with her. Both the evidence and the finding of the trial court hereon compel us to support the validity of the deed.

The judgment is reversed and the cause remanded with instruction to enter judgment in favor of defendant Colpitts and against plaintiff, sustaining the title of the former under the treasurer's deed.

MR. JUSTICE HAYS dissents.