No. 16,088.

ROCK ET AL. *v.* FASTENAU.
(219 P. [2d] 781)

Decided May 29, 1950.

Mr. FRANK D. ALLEN, Messrs. MUNSON & KREAGER, for plaintiffs in error.

Messrs. CHUTKOW & ATLER, Mr. NATHAN L. BAUM, for defendant in error.

Mr. JOHN G. REID, Mr. PERCY S. MORRIS, amici curiae.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

FASTENAU, defendant in error here, as plaintiff in the trial court in a suit involving the title to real estate, obtained judgment for possession and title as against all defendants known and unknown, including Mr. and Mrs. Rock. The latter, claiming title and the right to possession by virtue of a treasurer's deed, which the trial court held was void on its face, bring the cause here, as plaintiffs in error, seeking reversal.

I. The trial court's ruling was apparently based upon the fact that the treasurer's deed bore the short form of notarial acknowledgment, as provided in section 107, chapter 40, '35 C.S.A., as amended by section 1,

chapter 123, S.L. '37 and section 1, chapter 89, S.L. '39, and referred to in sections 1 and 2, chapter 158, S.L. '47, rather than the long form as specified in section 257, chapter 142, '35 C.S.A., to which reference is made in section 1, chapter 158, S.L. '47. That was the point argued before the trial court.

Plaintiffs in error rely upon this court's ruling in *Colpitts v. Fastenau,* 117 Colo. 594, 192 P. (2d) 524. In that case we held that the short form of acknowledgment, when used in a treasurer's deed, was valid. Our ruling in that case was not before the trial court in the instant case. Counsel for Fastenau admitted before the trial court, and admit here in their briefs, that our opinion in *Colpitts v. Fastenau, supra,* established the validity of the short form of acknowledgment when used in treasurer's deeds. Their position is that our holding in the Colpitts case went no further than to validate the short form of acknowledgment in so far as it, like the long form, obviated the necessity of proving the execution of the deed when offered in evidence. But it is urged that a treasurer's deed, when the short form of acknowledgment is used, does not carry the nine presumptions set forth in section 258, chapter 142, which reads as follows:

"The deed shall be signed by the treasurer in his official capacity and acknowledged by him before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper record of titles to real estate, shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all right, title, interest and claim of the state and county thereto, and shall be prima facie evidence in all courts of this state in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

"First—That the real property conveyed was subject to taxation for the year or years stated in the deed.

"Second—That the taxes were not paid at any time before the sale.

"Third—That the real property conveyed had not been redeemed from the sale at the date of the deed.

"Fourth—That the property had been listed and assessed at the time and in the manner required by law.

"Fifth—That the taxes were levied according to law.

"Sixth—That the property was advertised for sale in the manner and for the length of time required by law.

"Seventh—that the property was sold for taxes as stated in the deed.

"Eighth—That the grantee named in the deed was the purchaser or the heir at law, or the assignee of such purchaser.

"Ninth—That the sale was conducted in the manner required by law. [L. '02, p. 138, §182; R.S. '08, §5730; C.L., §7426]"

This argument is based upon the theory that section 257, chapter 142, '35 C.S.A., which sets forth the form of treasurer's deed, also contains the long form of notarial acknowledgment, and that the ensuing section 258 presupposes the use of a deed in the form and with the acknowledgment specified in section 257.

Assuming that we have stated the position of counsel correctly, it is not necessary to go further into the arguments justifying this contention. It is only necessary to say that it was not our intention in *Colpitts v. Fastenau, supra,* to place any limitation upon the use of the short form of notarial acknowledgment or render its use only partially effective. We said in that case, "The 1927 statute [providing for the short form of acknowledgment] is sufficiently broad in its title to include treasurer's deeds." We further pointed out that the statute contemplated acknowledgment by persons in a representative or *official* capacity. It is our opinion that when the legislature provided for the short form of acknowledgment as a substitute for the long form, it was a substitution for *all* purposes, and it was not intended that

the long form of acknowledgment should bestow certain advantages not conferred by the short form. To hold otherwise would make for needless confusion and increase the complexity of forms, where it would seem the purpose was to simplify. We see no legislative intent to create a twilight zone in which the long form of acknowledgment would bestow upon a treasurer's deed the nine presumptions which a deed with the short form of acknowledgment would not carry. We therefore hold that a treasurer's deed, otherwise in proper form, which bears the short form of acknowledgment duly executed, is prima facie evidence in all courts of this state in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed of the nine facts set forth in section 258, supra.

■ ■ II. Counsel for defendant in error also argue that the judgment of the trial court should be sustained for the additional reason that the treasurer's deed is void on its face because it contains the recital "and whereas the said Washington County, Colorado, has paid subsequent taxes on said property in the amount of $139.45"—and they emphasize "has paid subsequent taxes." This question, although raised in the trial court, seems to have been subsequently disregarded by both counsel and court, and not mentioned in the ruling of the latter. It is argued at some length in the briefs of opposing counsel. The treasurer's sale occurred on December 8, 1931, and the treasurer's deed, containing the recital to which objection is made, was dated September 26, 1939.

The position of defendant in error is: 1. That if the county actually paid the taxes, then it acted beyond its authority and took a course of action that is unauthorized; or 2. If the county did not pay the taxes, then the recital in the treasurer's deed is wholly false. Inasmuch as no evidence was introduced to show that the county did not pay the taxes as set forth in the deed, and, since the ruling of the trial judge was confined to the point

that the treasurer's deed was void on its face, we find it unnecessary to rule upon this second alternative.

As to the first alternative, counsel for defendant in error quote the last two sentences of section 234, chapter 142, '35, C.S.A., which read as follows: "When the county treasurer has so struck off any tract of land or town lots to the county, city, town, or city and county, as the case may be, he shall issue to the county, city, town or city and county, as the case may be, a certificate of purchase as now provided by law. No taxes assessed against any lands purchased by the county under the provisions of this section shall be payable until the same shall have been derived by the county from the sale or redemption of such lands." Subsequently amended in section 1, chapter 208, S.L. '45. Counsel then cite a number of cases that interpret the foregoing section 234: *Emerson v. Valdez,* 24 Colo. App. 458, 461, 135 Pac. 137; *Henrylyn Dist. v. Patterson,* 65 Colo. 385, 176 Pac. 493; *Cowen v. Driscoll Construction Co.,* 97 Colo. 74, 47 P. (2d) 390; *Carnahan v. Sieber Cattle Co.,* 34 Colo. 257, 82 Pac. 592. All of the foregoing cases were decided prior to the passage of sections 209, 210 and 211, chapter 142, '35 C.S.A. Under section 211 the county, for the first time, had the right to acquire property by tax deed, together with the right subsequently to sell the property so acquired by treasurer's deed. This 1935 law was subsequently amended in 1941: section 3, chapter 192, S.L. '41, reads: "All net proceeds from the sale, lease or other disposition of such real estate so conveyed to the county by the county treasurer shall be paid to the county treasurer of such county and shall first be applied to the payment of all unpaid taxes accrued against the property up to the time the tax deed was issued to the county and any remaining avails of the sales shall be credited to the ordinary county revenue fund of the county."

From the foregoing it would seem that the taxes on property covered by a tax sale certificate acquired by

a county continue to accrue until the county actually acquires title by the issuance of a treasurer's deed running to it. That thereafter the taxes do not accrue until the county sells the property. It is further apparent that it is not necessary for the county, after the purchase of a tax sale certificate, to pay any taxes that may have become due subsequent to the issuance of said tax sale certificate until the county has sold the property which it has acquired by virtue of the treasurer's deed. Section 2 (a), chapter 192, S.L. '41, also seems to be based on this theory. Thus, in the instant case, when the county treasurer of Washington county conveyed the quarter section of land here involved to that county, it was not necessary to show that Washington county had paid taxes on the property subsequent to the date of the tax sale. Counsel on both sides agree on this proposition.

The question presented to us, therefore, is whether the county may anticipate the payment of taxes which have accrued between the date of the tax sale and the date when it acquires the treasurer's deed, which is the contention of counsel for plaintiff in error, or whether it is unlawful for it to do so, which is the contention of counsel for defendant in error.

The argument of counsel for plaintiff in error is that no harm has come to anyone from this earlier payment; that the taxes recited in the treasurer's deed as having been paid would have had to be paid anyway when the county conveyed to the predecessor in interest of Mr. and Mrs. Rock, and that no one has been injured by a payment, at an earlier time, of what the record shows would have had to be paid when the county sold the property.

Counsel for defendant in error claim that there is no provision in the law which would sanction the county making such a payment of taxes until after it had sold the property; that if it did make a payment of taxes on the property between the date of the tax sale and

the time when it acquired the treasurer's deed, it did so unlawfully and therefore the tax deed is void on its face.

We resolve this question in favor of plaintiff in error. Considering the whole record, it would seem that that has been done which ought to have been done. The record shows not only the treasurer's deed with the recital as to payment of taxes, but the conveyance by the county to the predecessor in interest of Mr. and Mrs. Rock. At the time of this latter conveyance there was a duty upon the county to pay the taxes recited in the treasurer's deed as already having been paid. The strongest objection that could be made is that there had been an earlier payment of taxes by the county than was required by the statute. This earlier payment in the instant case may well have been made in order to conform with some of the very decisions of this court heretofore cited by counsel for defendant in error. It also would be in accord with the statutory requirements pertaining to deeds to grantees other than political subdivisions, that the payment of subsequent taxes must be shown in the treasurer's deed. It is to be noted that the only statutory form of treasurer's deed contains a line left blank, to be filled in showing such payment. There is no statute expressly prohibiting a county from making such an anticipatory payment. Having in mind section 151, chapter 40, '35 C.S.A., requiring a liberal construction in cases of this nature, we are of the opinion that a treasurer's deed to a county, disclosing a payment of subsequent taxes, is not void on its face where the county has merely anticipated the payment of taxes which would become definitely due when it had completed the sale of the property. The judgment is accordingly reversed, and the cause remanded for further proceedings consistent with the views announced in this opinion.

MR. JUSTICE HAYS dissents.