No. 18,962.

N. L. FASTENAU *v.* E. H. WIANT.
(358 P. [2d] 617)

Decided December 19, 1960.   Rehearing denied January 30, 1961.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. EDWARD HALIGMAN, for plaintiff in error.

Mr. JOHN T. DUGAN, for defendant in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error, defendant in the trial court, seeks review of a judgment in favor of defendant in error, who was plaintiff below. We refer to the parties as they

there appeared. The action was to quiet title, commenced in the county court of Washington County on March 10, 1945.

There was a long delay before the case was finally tried, it having been regularly transferred from the county court to the district court. At the time of the transfer there was pending in the district court of Washington County a companion case, and the trial of the present case was delayed until the decision of *Colpitts v. Fastenau,* 117 Colo. 594, 192 P. (2d) 524. That case arose from a tax sale in 1932 for the taxes of 1931, the year involved in the instant action.

The original complaint filed in the county court was against Clarence Hoy, predecessor in title to N. F. Fastenau. Fastenau filed a petition to intervene on March 10, 1945, and filed an answer alleging numerous defects in the tax deed under which the plaintiff claims title. After the decision in *Colpitts v. Fastenau* the defendant filed a supplemental motion to amend her answer and counterclaim. The opinion in the *Colpitts* case was announced on April 12, 1948. The defendant then applied for leave to amend her answer in the present action on both June 14, 1948, and on May 21, 1949. The court permitted the amended answer to be filed, which set up entirely new defenses, only two of which were argued by defendant in the trial court. These defenses were that the then County Treasurer wholly failed and neglected to mail notices to the parties in possession of said lands and premises during the fall of 1939 prior to the issuance of a Treasurer's Deed; that the prerequisite notices for the issuance of the Treasurer's Deed were not given, and that the notice given prior to the issuance of the Treasurer's Deed was contrary to the Statutes. Two points are urged here, they are:

1. That the notice preliminary to the issuance of the Treasurer's Deed was insufficient, and as a result the Treasurer's Deed was void.

2. That the Board of County Commissioners of Wash-

ington County, Colorado, had not selected a newspaper to publish the delinquent tax list for the years 1931 and 1932, and as a result the sale was invalid, and the Treasurer's Deed conveying the property to the defendant in error was of no force and effect.

The factual situation here is identical with that of *Colpitts v. Fastenau,* supra, the companion case upon which this action depended and which was so long awaited for trial. It is controlling on all the issues here, hence the judgment is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE HALL concur.