[No. 6445.]

### HOUCK v. LA JUNTA HARDWARE COMPANY.

**Family Expenses—Statutory Liability of a Wife—**Under the act of April 6, 1891 (Laws 1891, 238; Rev. Stats., sec. 3021), what are "family expenses," chargeable against both husband and wife, is to be determined by the circumstances of each case. A buggy purchased by the husband, while living with the wife, and which is used not only by the husband, but by the members of the family, while they are so living together, is a family expense for which the wife is liable.—(229)

*Error to Otero County Court*—Hon. A. B. WALLIS, Judge.

Mr. EARL W. HASKINS for plaintiff in error.

Mr. O. G. HESS for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

The action is by the La Junta Hardware Company against J. T. Houck and Mary J. Houck, husband and wife, to recover for the value of goods and merchandise sold to them, or one of them. It is based on section 3021, Rev. Stats. 1908, which makes expenses of the family chargeable upon the property of both husband and wife, or either of them, and they may be sued thereon either jointly or separately. The buggy, for the balance of the purchase price of which recovery is asked, was sold and delivered by plaintiff to the husband, and the only ques-

tion is, whether it constitutes a family expense. There are no pleadings, the case having been begun before a justice of the peace and afterwards taken to the county court. The judgment was for plaintiff against the wife at both trials. The only errors she assigns are the ruling denying the motion for a nonsuit, and the alleged failure of the entire evidence to show that the buggy was a family expense.

In *Perkins v. Morgan*, 36 Colo. 360, it was said, quoting from *Gilman v. Matthews*, 20 Col. App. 170: "What should be included in the term, 'family expenses,' must be determined by the facts and circumstances of each case, subject to the limitation, that an article or articles must have been purchased for, and used in or by, the family, or some member thereof." It is not claimed that the buggy was not a family expense if it was purchased for, and used in or by, the family. The claim that it was not a family expense is said to be established by the fact that defendants were not, at the time of the purchase, living together as husband and wife, though they were then married; and the wife did not use, and was not permitted to use, the buggy. The evidence is amply sufficient to show that, at the time of the purchase, defendants were living together as husband and wife in the same house upon their farm. The argument of plaintiff in error as to this point is based on the mistaken assumption that the buggy was bought in June, 1904, and that she and her husband were not then, and, since the spring of that year, when they separated, had not been living together as husband and wife. The evidence is uncontradicted that the purchase was in 1903, about one year before the separation, and then defendants were living in the same house as one family. There is testimony that, on one occasion, the husband did not permit the wife to use

the buggy, but it was purchased for the family and used by him and others of its members while defendants were living together.

The findings of the court below are sustained by the evidence. Indeed, there is no substantial conflict. The judgment is                    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.