### No. 10,116.

### SUNDIN v. FROST, ET AL.

Decided May 1, 1922.

Action to restrain the enforcement of an execution issued out of the district court upon a transcript of a judgment of a justice of the peace. Judgment of dismissal.

*Reversed.*

1.  DICTUM—*Effect.* Where the writer of a judicial opinion discusses a question not involved, or necessary to the decision, the discussion can only be considered as expressing the views of the writer.

2.  JUDGMENT—*Justice of the Peace—Limitation—Transcript in District Court—Execution.* A judgment of a justice of the peace, after it becomes dormant so that it affords no basis for an action, cannot be made the ground for an execution from the district court by filing a transcript of it with the clerk of that court.

3.  PLEADING—*Limitation.* In a proceeding to restrain the enforcement of an execution issued upon a judgment upon which an action is barred by the statute of limitations, an allegation of the bar of the statute is sufficient as against a general demurrer.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. BENJAMIN F. NAPHEYS, for plaintiff in error.

Mr. WILLIAM H. HUNT, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was plaintiff in an action to restrain the defendants from enforcing an execution issued out of the district court. From the record it appears that in November, 1911, in a suit before a justice of the peace, a default judgment was entered against plaintiff in error, which judgment was later assigned to defendant in error Frost.

On the 9th of March, 1921, Frost caused a transcript of the judgment to be filed with the clerk of the district court, and secured immediately the execution which is now attacked. The complaint alleges that Frost filed the transcript and secured the execution with full notice that the judgment had expired by limitation. A general demurrer to the complaint was sustained. The plaintiff elected to stand on his complaint, and the cause was dismissed. The ruling on the demurrer is before us for consideration.

The question to be determined is whether or not an execution can be issued on a judgment of a justice of the peace, filed in the office of the clerk of the district court, after the time at which an action on the judgment is barred by the statute. Plaintiff in error urges that the policy of the law as to the enforcement of judgments is expressed in the statute, section 4061, R. S. 1908, which requires "all actions upon judgments rendered in any court not being a court of record" to be commenced within six years after the cause of action accrues.

Defendant in error on the other hand contends that an execution is not an action, and that courts have no authority to enlarge the statute of limitation, and make it apply by analogy to an execution. He depends upon the case of *Brown v. Bell*, 46 Colo. 163, 103 Pac. 380, 23 L. R. A. (N. S.) 1096, 133 Am. St. Rep. 54. In that case a transcript of the justice court judgment was taken to the district court within a year after its rendition. In this case the justice court judgment was not recorded in the district court until nearly ten years after its rendition.

Section 3758, R. S. 1908, provides that a judgment thus recorded in the office of the clerk of the district court "shall

thenceforward have all the effect of a judgment of the said district court and execution shall issue thereon out of that court as in other cases."

It is urged that *Brown v. Bell* is not controlling because there the transcript had been filed while the judgment was still alive. The court, however, in its opinion, ignored the fact that the judgment had become in effect a district court judgment, and discussed the case as involving only a judgment of a justice of the peace. Counsel claim, therefore, that what was said in such discussion was mere dictum. Inasmuch as the discussion was of a question not involved in the case, or necessary to the decision, it can be considered only as expressing the views of the writer of the opinion. It should be observed also, that he misapprehended the case of *Parsons v. Wayne Circuit Judge*, 37 Mich. 287, and treated it as involving a statute which had in fact been amended. The Michigan case not only afforded no support to the opinion, but was directly contrary to it. The opinion relies upon *Waltermire v. Westover*, 14 N. Y. 16, in which the execution issued before the statute of limitations had barred an action, though the sale was after the bar took effect. The reasoning of the New York Court as applied to that question does not apply to the case of *Brown v. Bell*, nor to this case. *Brown v. Bell*, therefore, is not controlling. As we shall see, a later New York case is to the contrary.

The cases in which this question is considered, in many instances, involves statutes unlike our law, so that we get no help from them. In several cases, however, the question we are to determine has been decided on principle, and so furnishes a precedent. In the Michigan case, *supra*, the court, by Judge Cooley, held that an execution would not be allowed to issue after action on the judgment was barred. Although, in that case it was necessary, under the Michigan statute, to obtain an order for an execution, that fact is not material, since the court followed the case of *Jerome v. Williams*, 13 Mich. 521. There the ruling was based on the fact, as the court said, that a proceeding to

renew an execution is, in effect, "an attempt to establish a claim which could not be sued upon because barred by time." For that reason it was held the execution could not issue. In a later case, *Quinnin v. Quinnin,* 144 Mich. 232, 107 N. W. 906, the same rule is applied.

In *Price v. Wade,* 14 Ont. Pr. Rep. 351, it was held that an execution cannot issue after the time limited for the bringing of an action on the judgment. The court says that laws of limitation are laws relating to procedure, and "it would be most anomalous * * * to hold that a change of form in the application or method of precedure should work an essentially different change in the result."

In *McGrew v. Reasons,* 71 Tenn. 485, it is held that an execution is in effect an action on the judgment, and that the right to an execution expires with the loss of right of action on the judgment.

In *Williams v. Mullis,* 87 N. C. 159, it is held that a statute of limitations may be set up to defeat an application for an execution on a dormant judgment; that is to say, there is no right to an execution upon a judgment upon which action is barred by the statute of limitations.

In *Scammon v. Swartwout,* 35 Ill. 326, the court said that a statutory provision for reviving, or for bringing an action on a judgment within a prescribed time, implies that an execution cannot be issued at any later time; that it would be absurd to suppose that the law designed to give to an execution more vitality than the judgment on which it issued.

In *Herrman v. Stalp,* 6 N. Y. Supp. 514, it was held, that the judgment of the New Yory City District Court, a transcript of which was filed in the county clerk's office under a statute which provides that it shall thenceforward be deemed a judgment of the court of common pleas, does not authorize the issuance of an execution on such judgment after the judgment as orginally rendered, was barred by the statute of limitations.

In *Dieffenbach v. Roch,* 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, it was held that a judgment of a justice court

which was barred by the statute at the end of six years, could not be set off against another judgment, although it had been filed in the county court under a statute which provided that a judgment so filed should be a lien upon real estate as if rendered in a court of common pleas. The court said that after filing it was not a judgment of the county court in fact, but a mere statutory judgment, subject to the bar which was applicable to it if it had not been filed. The court said:

"If the six-years limitation does not apply to such a judgment as this, then there is no limitation to an action upon such a judgment, as section 376 of the Code, providing that judgments shall be presumed to be paid and satisfied after the expiration of twenty years, applies only to judgments rendered in courts of record."

It further held that the offer to set off the judgment was, in a certain sense, an action to enforce the judgment against the defendant by compelling him to allow the same in satisfaction *pro tanto* of his judgment. "The judgment is the sole basis of the action, and in a real sense the action is to recover thereon."

If the use of a judgment by way of set-off is in any sense an action, it would appear that the enforcing of a judgment by execution might well be regarded as an action within the meaning of the statute of limitations. However, it is not necessary to determine that question in this case. It is sufficient to say that the judgment, after it became dormant, so that it afforded no basis for an action, could not be made the ground for an execution from the district court by filing a transcript of it with the clerk of that court.

It is further objected that there is no pleading of the statute of limitation. The right to a cancellation of the execution is asserted in the complaint upon the fact that the right to it had expired by limitation, and as against a general demurrer, the allegation of the bar of the statute was sufficient.

For the reasons above stated the judgment is reversed.

MR. CHIEF JUSTICE SCOTT not participating.