## No. 10,811.

## REED, ET AL. v. FLOOD, ET AL.

Decided July 7, 1924.    Rehearing Denied November 10, 1924.

Action to enjoin sale of real estate under execution. Judgment for plaintiff.

### Affirmed.

1.  EXECUTION—*Justice of the Peace Judgment—Limitation.*  No execution may be issued on a judgment of a justice of a peace—transcript of which has been filed in the office of the clerk of the district court—after an action on the judgment is barred by the statute of limitations.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. TOLLES & COBBEY, Mr. RICE W. MEANS, for plaintiffs in error.

Mr. GEORGE A. CARLSON, Mr. W. R. RAMSEY, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Reed recovered a judgment in the justice court in May, 1910, against the defendant Flood. Within three years thereafter he filed a transcript of the judgment in the office of the clerk of the district court. In July, 1923, more than ten years after the rendition of the judgment, Reed caused an execution on this judgment to be issued out of the district court and the sheriff thereunder levied upon real estate in the county belonging to the defendant Flood. Flood thereupon brought an action in equity to enjoin the threatened sale and, upon final hear-

ing, the court made permanent the temporary injunction, theretofore issued, ordered the judgment to be cancelled and satisfied and restrained further proceeding under it.

The question for decision is whether an execution may be issued on a judgment of a justice of the peace which has been filed in the office of the clerk of the district court after an action on the judgment is barred by the statute of limitation. No discussion of the legal proposition is necessary, for by a recent decision of this court it was decided that under such a state of facts the execution may not issue. *Sundin v. Frost,* 71 Colo. 367, 206 Pac. 1071. Plaintiff, however, cites cases from other jurisdictions and *Brown v. Bell,* 46 Colo. 163, 103 Pac. 380, 23 L. R. A. (N. S.) 1096, 133 Am. St. Rep. 54, upon which he relies and which he says distinguish this from the Sundin Case. The difference between the Brown-Bell Case and the Sundin Case is, that in the former the transcript of the justice court judgment was filed in the district court within a year after its rendition and the judgment was then a live one, while in the Sundin Case the judgment was not filed in the district court until about ten years after its rendition. In both cases execution was issued after the bar to an action on the judgment had fallen. The reasoning of the court in the Sundin Case, and the cases upon which reliance was there had as authority, clearly discloses that the court, sitting en banc, was of the opinion that a judgment rendered in a justice court, though transcript thereof is within its life filed in the district court, is barred by the six years' statute of limitation, reckoning from the day of its rendition, and not from the day of such filing, and no action thereupon may thereafter be maintained; that at the expiration of the six years' limitation the judgment is dead and, as the right of action thereon is barred, no execution could legally issue after the judgment is dormant. In the Sundin Case the court said: "The question to be determined is whether or not an execution can be issued on a judgment of a justice of the peace, filed in the office of the clerk of the district court, after the time

at which an action on the judgment is barred by the statute." That is the precise question for decision here. This court in the Sundin Case not only intended to, but did, decide this very proposition and the decision is contrary to the contention of the plaintiff in error. The writer of this opinion concurred in the decision in the Brown-Bell Case. That was a decision by a department of the court. The Sundin Case was decided by the court en banc and until the court en banc rules otherwise, the decision in the Sundin Case, being the last expression of this court, and being antagonistic to the Brown-Bell Case, must be followed. The judgment of the district court now reviewed, being based upon and following the Sundin Case, is therefore, affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.