No. 12,170.

JONES *v.* O'CONNELL.
(285 Pac. 762)

Decided February 17, 1930.

Mr. JOHN C. MURRAY, Mr. A. C. JOHNSON, for plaintiff in error.

Mr. BYRON G. ROGERS, Mr. CHARLES E. SABIN, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE object of this action by plaintiff O'Connell against defendant Jones is to recover the amount due on the joint promissory note of Jones and others given to the plaintiff's assignor. The defendant Jones, against whom judgment went, is here with his writ of error. The spe-

cific objection to this judgment, which both parties say is the controlling question in the case, is that section 6392, C. L. 1921, our six-year statute of limitation, is a bar to the action. The objection below was taken by defendant's special demurrer, which the trial court overruled, and his affirmative defense in his answer which the evidence established. The note was executed and delivered by the makers to plaintiff's assignor November 21, 1911, and became due and payable twelve months after this date, November 22, 1912. Time of payment was never extended. This action on the note was instituted May 27, 1927, nearly fifteen years after its maturity. Defendant Jones made his last payment on the note June 27, 1917, about five years after the date of its maturity, and about ten years before the suit was brought. If the above stated facts constituted the entire showing, section 6392, supra, would be a bar to this action, for it declares that actions on promissory notes shall be commenced within six years next after the cause of action thereon shall accrue, and not afterwards, and the cause of action on this note accrued more than six years before suit was instituted. But plaintiff says, and the trial court so found, "that on or about June, 1920, defendant Jones departed from the state of Colorado; returned in November of that year to ship his household effects to California; and from November, 1920, up to the date of the commencement of this suit, was never in Colorado and had his permanent domicile in California." As a conclusion of law from such findings of fact the court found "that during the absence of the defendant * *.* from the state of Colorado, and under and by virtue of the act of 1921, the running of the statute of limitations during the time he was absent from the state was tolled, and should not be counted as a part of the period of limitation." The court thereupon rendered judgment against the defendant for the amount due on the note and for an attorney's fee.

If section 2 of the act of 1921 (c. 172, S. L. 1921), which

is section 6417, C. L. 1921, has the effect attributed to it by the trial court, the judgment must stand. If it lacks such virtue, it should be set aside. This section reads: "If, when a cause of action accrues against a person, he is out of the state or has absconded or concealed himself, the period limited for the commencement of the action by any statute of limitations shall not begin to run until he comes into the state or while he is so absconded or concealed; and if, after the cause of action accrues, he departs from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought."

At the time this note was executed and delivered the existing statute of limitation applicable thereto required that suit thereon be brought within six years next after the cause of action thereon accrued. This time had long elapsed when the complaint in this action was filed. Unless, therefore, defendant Jones' absence from Colorado, tolled or suspended the running of the six years statute, the judgment is wrong; otherwise it is right.

As already stated, several years before the 1921 act was passed, the cause of action on the note had accrued. As no payments were made on it by Jones after June, 1917, and the court so found, the right of action accrued thereon as against him on that date and suit might have been commenced at any time thereafter within the prescribed limit. It is commonly held that as statutes of limitation are remedial only it is competent for the legislature to make them operate retroactively, but it must do so by expressly so providing. *Edelstein v. Carlile,* 33 Colo. 54, 58, 78 Pac. 680. This case was so construed and with such construction put upon it, reaffirmed in *Bonfils v. Public Utilities Commission,* 67 Colo. 563, 573, 189 Pac. 775. We there held that a statute of limitation which does not expressly provide for existing causes does not apply to them; that no past transac-

tions are affected and any doubt should be resolved against their inclusion. To the same effect are the following, among other cases, that might be cited: *Garfield v. Bemis,* 84 Mass. 445, 447; *People v. Supervisors,* 43 N. Y. 130, 134; *Steckel's Appeal,* 64 Pa. St. 493; *Hopkins v. Jones,* 22 Ind. 310; *Robertson v. Wheeler,* 162 Ill. 566, 44 N. E. 870; *N. Y. & Oswego R. R. Co. v. Van Horn,* 57 N. Y. 473; *McMillan v. McCormick,* 117 Ill. 79, 7 N. E. 132; *Royce v. Hurd,* 24 Vt. 620, 37 C. J., p. 691, §§10-12, et seq.

■ There is no express provision in the statute of 1921 making it operative as to past transactions. In other words, our legislature did not expressly or otherwise say that it should act retrospectively. Therefore, it does not affect or relate to the transaction now before us. In the absence of this statute the claimant's suit was barred by our six years statute. In the present suit the 1921 act having been passed long after the maturity of the note, and after the right of action thereon had accrued, and containing no express provision for retrospective effect, it is inapplicable to this action. Virtually admitting that the Edelstein and Bonfils cases, supra, and their reasoning are with the defendant, if the 1921 act is a statute of limitation, plaintiff asserts that it is not a statute of limitations at all but only a statute that suspends the operation of a limitation statute. The distinction drawn seems to be one without a difference. However that may be, the title of the 1921 act is: "An Act concerning Limitations of Actions." It is embodied in the Compiled Laws of 1921 as section 6417 of the general limitation statute. It specifically fixes the time within which the period limited for the commencement of an action, in the circumstances recited, begins to run. It is clearly a statute of limitation. But if it is not, then the act itself on which the plaintiff solely relies for a recovery would be unconstitutional because the subject of the act is not expressed clearly, or at all, in the title.

The judgment must therefore be, and it is, reversed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.