No. 12,533.

New England Electric Company *v.* Bowes.
(5 P. [2d] 245).

Decided November 2, 1931.

Mr. Edwin H. Park, for plaintiff in error.

Mr. Ernest Morris, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

On January 30, 1920, the New England Electric Com-

pany had judgment for $165 against Willis Bowes in the justice court. On June 22, 1929, more than nine years later, a transcript thereof was filed in the district court and execution and levy made thereunder. Bowes moved to vacate the entry of judgment and to recall the execution because barred by the statute of limitations, section 6392, C. L. '21. The electric company replied to this motion charging that defendant had left Colorado in 1920, remaining absent therefrom to the present time. The district court sustained the motion and dismissed the case at plaintiff's costs. This writ is prosecuted to review the judgment so entered.

Plaintiff in error contends that the six year statute of limitations, section 6392, C. L. '21, is tolled by section 6417, C. L. '21, which provides: "If, when a cause of action accrues against a person, he is out of the state or has absconded or concealed himself, the period limited for the commencement of the action by any statute of limitations shall not begin to run until he comes into the state or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought." This section became effective February 17, 1921, many months after defendant departed from the state.

Defendant in error contends that this statute does not operate retrospectively and that the six year statute of limitations is a complete bar. In support thereof, he cites *Jones v. O'Connell*, 87 Colo. 103, 285 Pac. 762. In this case suit was brought in May, 1927, on a promissory note nearly 15 years after its maturity. Defendant Jones interposed the statute of limitations as a bar to the action. Plaintiff replied that defendant had departed the state in June, 1920, making California his permanent domicile. The lower court held that the statute of limitations was tolled by the operation of section 6417, C. L. '21. In reversing this decision, we held said section was

not effective retroactively because the legislature did not clearly express an intent that it so operate. Therein, it is stated at page 106: ''There is no express provision in the statute of 1921 making it operative as to past transactions. In other words, our legislature did not expressly or otherwise say that it should act retrospectively. Therefore, it does not affect or relate to the transaction now before us. In the absence of this statute, the claimant's suit was barred by our six year statute. In the present suit, the 1921 act having been passed long after the maturity of the note, and after the right of action thereon had accrued, and containing no express provision for retrospective effect, it is inapplicable to this action.''

Plaintiff in error argues that this case is not applicable here because he is seeking merely to secure a remedy after judgment; that section 6417, C. L. '21, operates retroactively, and that the following rule announced in *Balfe v. Rumsey Co.*, 55 Colo. 97, 133 Pac. 417, is controlling: ''A statute extending the time within which an execution on a judgment may issue is remedial, and applies to all judgments against which, at the time of its passage, as here, no limitation statute had actually run.''

The argument is ingenious, but if followed would necessitate the withdrawal of the rule announced in *Jones v. O'Connell, supra.*

It is to be noted that section 6417, C. L. '21, refers only to causes of action and not to judgments. If causes of action in judgment are not covered by the act, of course the six year statute of limitations would apply and the plaintiff in error thereby would be barred from recovery. If, however, the act is operative upon judgments because such are considered accrued causes of action, the case of *Jones v. O'Connell, supra,* is controlling and determinative of the rights of the parties here.

After a lapse of six years, the justice court judgment was dead. Thereafter no valid transcript could be filed in the district court and no execution issued thereon. Section 6392, C. L. '21; *Sundin v. Frost,* 71 Colo. 367,

206 Pac. 1071; *Davis Co. v. Counter,* 75 Colo. 239, 225 Pac. 245; *Reed v. Flood,* 76 Colo. 139, 230 Pac. 108.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.