## No. 14,402.

### WALL *v.* CRAWFORD, ADMINISTRATRIX.
(82 P. [2d] 749)

Decided August 8, 1938. Rehearing denied September 19, 1938.

Mr. J. M. CHILDRESS, for plaintiff in error.

Mr. GILBERT A. WALKER, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a suit on a promissory note, signed by G. F. Wall, as maker, and Alfred Booco, as accommodation endorser, given for a team of horses sold to Wall by J. W. Sanderson in February, 1920. Action was against G. F. Wall and Ida Wall, as husband and wife, on the theory that the team of horses was a family expense. A writ of attachment was issued, a garnishment had thereunder, and certain funds coming to Ida Wall, as an heir, were

garnisheed in Routt county, Colorado. Mrs. Wall seeks reversal of the judgment against her, in an application for a supersedeas, on the principal ground that the action is barred by the six-year statute of limitations, and, since that is the only important question involved, it will be finally determined on her application.

The original note, signed on March 1, 1920, was renewed several times. The renewal notes were signed by the same parties, the last one being given on March 8, 1924, about which time the Walls moved to California, where they have since resided. Booco was then called upon to pay, and on July 1, 1925, did pay $393.75 to the bank, to which the note had been assigned, and received the note. Before this action was brought, he died, but suit was instituted by his daughter, administratrix of his estate in July, 1937.

It is not disputed that the team of horses used on the Wall farm was a family expense, and defendant in error, plaintiff below, relies on section 10, chapter 83, page 565, volume 3, '35 C. S. A., C. L. §5575, which reads as follows: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

Defendant in error contends, further, that the six-year statute of limitations, section 1, chapter 102, page 1468, volume 3, '35 C. S. A., C. L. §6392, is no bar because of the Walls' removal to California, and invokes section 27, chapter 102, C. L., §6417, supra, which reads as follows: "If, when a cause of action accrues against a person, he is out of the state or has absconded or concealed himself, the period limited for the commencement of the action by any statute of limitations shall not begin to run until he comes into the state or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action

must be brought." This law became effective in 1921, S. L. 1921, p. 581.

The last renewal note matured on September 8, 1924, when the cause of action accrued. The Walls left for California October 23, 1924, so if said section 27 is applicable, the judgment against Mrs. Wall must be affirmed.

She contends that since the team of horses was bought in 1920, that section 27, not being passed until 1921, and not being retroactive, cannot be invoked against her, and that the time of her alleged liability can not be extended by the renewal notes given by her husband, on the theory that a joint debtor can not arrest the running of the statute against his codebtor by giving a new note without his consent, and, consequently, this action brought seventeen years after the transaction on which she was jointly liable is barred by the six-year statute.

It is conceded that said section 27 is not retroactive so as to apply to past transactions. *Jones v. O'Connell,* 87 Colo. 103, 285 Pac. 762; *New England Electric Co. v. Bowes,* 89 Colo. 547, 5 P. (2d) 245. It does not follow, however, that the parties can not contract themselves into a new relationship in which new conditions are imposed, as happened here when the renewal notes were given. There was no extinguishment of the debt or liability existing—simply a change in conditions affecting payment—conditions voluntarily assumed. The fact that Mrs. Wall did not sign the notes is immaterial, because section 10, chapter 83, supra, imposed the obligation. When the renewal notes were signed, the absconding statute had been passed.

"In the absence of fraud and collusion between the creditor and the husband, or some other circumstances giving to the wife peculiar equities, these debts [for family expenses], though contracted by the husband, to the extent of their property, bind both; and his acts, agreements and promises, are alike obligatory upon both. * * * The cause of action accrues as against both

at the maturity of the note, and not at the time the debt was contracted. * * * The renewing of the note by the husband does not discharge the lien. Nor in such a case would the statute run in favor of either from the maturity of the first note, but of the new one." *Lawrence v. Sinnamon,* 24 Ia. 80.

The fact that the absconding statute (section 27, supra) was not passed until 1921 is of no avail to plaintiff in error. Section 4, chapter 159, volume 4, '35 C. S. A., C. L., §6519, reads as follows: "4. The repeal, revision, amendment or consolidation of any statute or part of a statute or section or part of a section of any statute, shall not have the effect to release, extinguish, alter, modify or change in whole or in part any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending or consolidating act shall so expressly provide; and such statute or part of a statute or section or part of a section of a statute so repealed, amended or revised, shall be treated, and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings and prosecutions, as well criminal as civil, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability."

Since no cause of action accrues on a note until maturity, no liability on the transaction had been incurred by plaintiff in error at the time the absconding statute was passed, and, consequently, she became subject to its provisions. *Cobb v. International State Bank,* 67 Colo. 488, 186 Pac. 529; *Siebers v. Disque,* 102 Colo. 39, 76 P. (2d) 1108; 37 C. J. 985.

It follows, therefore, that plaintiff in error's residence

in California tolled the six-year statute of limitations, and the judgment of the trial court was correct.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.