## No. 16,301.

### FASTENAU V. ASHER.
(235 P. [2d] 587)

Decided August 27, 1951

Messrs. Chutkow & Atler, Mr. Nathan Lee Baum, for plaintiff in error.

Mr. Percy S. Morris, for defendant in error.

Mr. Albert S. Isbill, Mr. Royal C. Rubright, Mr. Donald M. Lesher, Mr. Edwin J. Wittelshofer, Mr. L. H. Drath, Mr. Malcolm Lindsey, Mr. Ira L. Quiat, amici curiae.

Mr. Justice Alter delivered the opinion of the court.

N. L. Fastenau brought an action "To Remove Cloud Upon Title to Real Estate" and named Halford Asher and many others as defendants. At the trial plaintiff dismissed her cause of action against all defendants except Halford Asher, and, at the conclusion of the evidence, judgment was entered in his favor, to review which plaintiff is here by writ of error.

We will herein refer to the parties as plaintiff and defendant as they appeared in the trial court.

In the complaint a half section of land located in Kit Carson County, Colorado, is specifically described, and it is alleged that plaintiff is the owner thereof. With reference to the claim of Halford Asher to the premises, it is alleged, "That the defendant, Halford Asher, claims some right, title and interest in and to the said lands and premises by virtue of a certain quit claim deed dated October 30, 1940, * * * which deed is based upon a certain Treasurer's Deed dated April 25, 1940, recorded April 26, 1940, * * * and a certain Treasurer's Deed dated April 25, 1940, recorded April 26, 1940, * * *." and that the above mentioned deeds are of record in the office of the county clerk and recorder of Kit Carson County, Colorado. The prayer is for a judgment and decree finding

plaintiff to be the owner in fee simple absolute of the premises involved and that any right, claim, demand or interest of the defendants "be cancelled, determined and held for naught."

In his answer defendant Halford Asher sets forth twelve defenses together with a counterclaim. The second and third defenses and the counterclaim are all that we deem it necessary to consider in the determination of this cause.

In the second defense it is alleged that defendant and his predecessor in interest have been the owners in fee simple and in full, sole and exclusive possession of the lands in question continuously for a period of more than five years prior to the filing of the complaint herein, and no action having been brought within a five-year period after the execution, delivery and recording of the treasurer's deeds on April 25, 1940, plaintiff is now barred from maintaining this action by virtue of the provisions of section 1, chapter 226, of the 1937 Session Laws of Colorado.

In the third defense, by way of counterclaim, after alleging that plaintiff's action is barred by the provisions of the statute mentioned in the second defense, defendant Asher, by proper allegations, seeks to have the title to the premises herein involved quieted in him.

According to the record, plaintiff acquired title to one of the quarter sections by deed dated January 10, 1946, the last acknowledgment thereon being July 24, 1946, the deed being recorded in the office of the county clerk and recorder of Kit Carson County on July 31, 1946. She acquired title to the other quarter section herein involved by deed dated February 20, 1947, which was acknowledged on that date and recorded on February 25, 1947, in the office of the county clerk and recorder of Kit Carson County. It was stipulated and agreed by the parties hereto that the grantors in the two last mentioned deeds were, at the time of the execution thereof, the owners in fee simple of the lands described in the com-

plaint, subject only to whatever rights may then have existed, growing out of the sale of said lands for unpaid taxes and the issuance of treasurer's deeds thereon, and that aside from the conveyance to plaintiff there has been no change in the title since the execution and recording of the treasurer's deeds on April 25, 1940. Plaintiff filed her action April 24, 1947; the trial was concluded on the 15th day of July, 1948; the cause docketed in our court June 28, 1949, and came at issue on October 11, 1950, and was orally argued March 19, 1951. Subsequently our decisions in *Rock v. Fastenau*, 122 Colo. 41, 219 P. (2d) 781, and in *Vogt. v. Hansen*, 123 Colo. 105, 225 P. (2d) 1040, were announced, and these two decisions, together with that of *Colpitts v. Fastenau*, 117 Colo. 594, 192 P. (2d) 524, obviate the necessity of again determining some of the questions presented by the pleadings herein.

Section 1, chapter 226, Session Laws of Colorado 1937, provides, inter alia: "No action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any laws to the contrary notwithstanding; * * *"

In the present case it is conceded that such title as plaintiff had in the premises was acquired after the five-year period mentioned in section 1, supra, but it is plaintiff's contention that by virtue of the provisions of section 27, chapter 102, '35 C.S.A., the statute was tolled, and that inasmuch as it is conceded that Asher was out of the State of Colorado until January 1, 1947, her action was timely and could be maintained.

Under the factual situation herein presented, the only question necessary for our determination is a proper interpretation and construction of chapter 172, Session Laws of Colorado 1921, being sections 26 and 27, chapter 102, '35 C.S.A., and in order to properly consider the application of this statute in the instant case, we deem it proper to quote the pertinent parts thereof. It is entitled

"An Act Concerning Limitations of Actions." It reads:

"Section 1. No acknowledgment or promise shall be evidence of a new or continuing contract, sufficient to take a case out of the operation of the statute of limitations, unless the same is contained in form of writing, signed by the party to be charged thereby; but this section shall not alter the effect of a payment of principal or interest.

"Section 2. If, when a cause of action accrues against a person, he is out of the state or has absconded or concealed himself, the period limited for the commencement of the action by any statute of limitations shall not begin to run until he comes into the state or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought."

If by operation of this act the time within which plaintiff must have commenced her action is tolled, the judgment is wrong; otherwise it is correct.

██ ██ It should be noted that the first section of the act pertains only to causes of actions which may properly be designated actions in personam, and it was to prevent one who had a cause of action in personam from being denied a recovery thereon by reason of the absence of the debtor from the state by reason of his concealing himself or absconding, and section 2 of the act was passed in order to effectuate this purpose. If this was not the purpose and reason which actuated the legislative body in the passage of said act, no other reason or purpose can be ascribed therefor. We are at liberty to consider the reason and purpose of a legislative act and to effectuate these by our interpretation and construction of the act. When plaintiff began her cause of action it was, strictly speaking, an action in rem; when she voluntarily dismissed it as to all known and unknown defend-

ants excepting only Asher it became an action quasi in rem.

Chapter 226, Session Laws of Colorado, 1937, entitled "Limitation of Action for Recovery of Land Sold," was passed for the purpose of affording any landowner an ample opportunity of redeeming his lands sold for nonpayment of taxes, and the limitation of time prescribed by that act was within five years from the execution and delivery of the treasurer's deed. In interpreting and construing the 1921 act, supra, we take into consideration the provisions of section 151, chapter 40, '35 C.S.A., wherein the legislative branch of the government has definitely announced a policy of liberal interpretation and construction in the following language: "It is the purpose and intention of this article to render titles to real property and every interest therein, more secure and marketable, and it is hereby declared to be the policy in this state that this article *and all other acts and laws* concerning or affecting title to real property and every interest therein and all recorded instruments, decrees and orders of court of record * * * shall be liberally construed and with the end in view of rendering such titles absolute and free from technical defects, and so that subsequent purchasers and incumbrancers by way of mortgage, judgment or otherwise, may rely on the record title, and so that the record title of the party in possession shall be sustained and not be defeated by technical or strict constructions."

Our attention has been called to an annotation in 119 A.L.R., page 331, where an extensive and elaborate discussion of the pertinent question here is to be found. At most, this annotation clearly discloses that the courts are not uniform in their construction of statutes similar to the one here involved, and, so far as we have been informed or have ascertained by our search in the authorities, there is no tolling statute in other jurisdictions preceded by the provisions of section 1 of our 1921 act, or comparable thereto. Be that as it may, under our statute

providing for substituted service in actions in rem or quasi in rem, there was no reason or purpose to be accomplished by the said 1921 act if it was made applicable to such actions.

In the present proceeding plaintiff acquired whatever interest she claimed in the real estate in question more than five years after the execution, delivery and recording of the treasurer's deed. Whatever right, title or interest in the real estate belonged to her or her predecessors in interest could have been fully and completely determined irrespective and unaffected by Asher's absence from the state. If by her deeds she acquired a cause of action against defendant, it was either in rem or quasi in rem, and our provisions for substituted service gave her every right to which she claims to be entitled and which she is seeking in this action.

Counsel for plaintiff quotes from the decision of the Supreme Court of South Dakota in *Froelich v. Swafford,* 33 S.D. 142, 144 N.W. 925, in support of the contention that our 1921 act, supra, tolls our statute of limitation (sec. 1, chap. 226, S.L. Colo. 1937). Counsel neglected to call our attention to the fact that upon rehearing the decision announced in 144 N.W. 925 was reversed, and the final decision announced in *Froelich v. Swafford,* 35 S.D. 35, 150 N.W. 476. The South Dakota statute involved in *Froelich v. Swafford, supra,* reads: "If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

In *Froelich v. Swafford,* 35 S.D. 35, 150 N.W. 476, it was held, under facts and circumstances comparable to those herein, that the statute was not tolled, and in connection therewith it is said:

"Furthermore, as shown by appellant's prayer, no personal judgment for deficiency upon foreclosure was sought, and therefore the courts of this state could, at any time after his right to foreclose arose, have granted to him all the relief he now seeks—both that pertaining to redemption and to foreclosure — and could have granted all this relief, though personal service of process could not have been made upon a single defendant.

"It therefore being clear that the statute of limitations had, long prior to the commencement of this action, barred appellant's right to the relief sought herein, it becomes unnecessary to consider further than we already have any of the other errors urged upon this appeal.

"The former decision of this court herein [Froelich v. Swafford, 33 S.D. 142, 144 N.W. 925] is reversed, and the judgment of the trial court affirmed."

The decision in the last Froelich-Swafford case was adhered to by the Supreme Court of South Dakota in *Raymond v. Barnard,* 71 S.D. 630, 28 N.W. (2d) 700.

Oklahoma has a statute on limitations of actions which is almost identical with section 27, chapter 102, '35 C.S.A. (Sec. 188, C.O.S. 1921). In a decision of the Oklahoma court, calling for a construction of this statute, it is said with reference thereto:

"Doubtless, what the Legislature had in mind when it passed this statute was to prevent a person from defeating a just claim or a just debt by concealing himself or absenting himself from the state and thereby prevent personal service upon him. It would be unjust to permit a person to buy a bill of goods or borrow money and then allow him to prevent a judgment against himself on the obligation by concealing himself or absenting himself from the state. Undoubtedly, it was this character of case that was in the minds of the legislators when the statute was enacted.

"In the case at bar, the land which was the subject-matter of this suit was at all times within the jurisdiction

of the proper courts of Grant county, Okla. Under our procedure, plaintiffs could have brought this action at any time without personal service upon the defendant. In other words, the plaintiffs had a complete remedy in the courts of this state at all times, although the defendant was absent from the state for a period of about nine years. His absence did not prevent plaintiffs bringing the suit at any time. Possession could have been had, the deeds cancelled, and the title cleared notwithstanding the absence of defendant.

\* \* \*

"While there is respectable authority to the contrary, we think the better rule, and the one that should be followed in this state, was announced by the Supreme Court of Tennessee [Boro v. Hidell, 122 Tenn. 80, 120 S.W. 961] and is the rule that was followed by the trial court when it entered judgment herein.

"Under the facts disclosed by this record, the trial court was correct in holding that plaintiffs' cause of action was barred by the statute of limitations, and its judgment in so doing is affirmed." *Graves v. Foster*, 158 Okla. 36, 12 P. (2d) 502.

The question raised here is one of first impression in this jurisdiction, and section 27, supra, although it has been interpreted and construed in connection with actions in personam (*Jones v. O'Connell*, 87 Colo. 103, 285 Pac. 762, *New England Electric Co. v. Bowes*, 89 Colo. 547, 5 P. (2d) 245), has never been before this court for interpretation and construction in actions in rem or quasi in rem.

We conclude that section 27, chapter 102, '35 C.S.A., is limited in its provisions to causes of action in personam, and is wholly inapplicable to actions in rem or actions quasi in rem. *Taylor v. McGill* (6 Lea) 74 Tenn. 294; *Boro v. Hidell, supra; Kanuebbe v. McCuistion*, 168 Okla. 165, 33 P. (2d) 1088; *Herthel v. Barth*, 148 Kan. 308, 81 P. (2d) 19, 119 A.L.R. 326; 34 Am. Jur., sec. 221, p. 177, sec. 223, p. 179; 54 C.J.S., sec. 212, p. 233.

It follows that the trial court correctly held that plaintiff's cause of action was barred by the provisions of section 1, chapter 226, Session Laws of Colorado 1937, and in the instant case the provisions of section 27, chapter 102, '35 C.S.A., were wholly inapplicable and cannot be interpreted or construed so as to effectually toll the statute of limitations.

Accordingly, the judgment is affirmed.