No. 18,841.

CLINTON NITZEL AND DORIS JANE NITZEL *v.* COLORADO INDUSTRIAL BANK, ET AL.
(358 P. [2d] 31)

Decided December 30, 1960.

Mr. ROBERT A. LEHMAN, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

The parties appear here in the same order as in the trial court and will be referred to by name.

In September 1957 Mrs. Nitzel entered into an agreement with the Carleton Manufacturing Company for the upholstering of a two-piece sectional couch for her home. When the furniture was returned on September 14th she was busy and didn't inspect it but she did execute a combined note and chattel mortgage agreeing to pay Carleton the sum of $180.00 and in addition delivered a check for $25.03.

Later the same day she inspected the couch and found the work unacceptable and the material used to recover was not wool as agreed. She promptly made her objections known to Carleton and subsequently stopped payment on her check and refused to pay the note. Sometime thereafter the note was sold to Colorado Industrial Bank, it appearing that the bank regularly purchased such paper from Carleton.

On October 14, 1957, the Nitzels brought suit in the Denver Municipal Court against Carleton, Colorado Industrial Bank and one Biow, a Carleton partner, for damages of $300.00. Colorado Industrial counterclaimed on the note for $214.00 and Carleton for $25.03 on the check. Suffice it to say here that after considerable maneuvering in the Municipal Court, all claims were dismissed. All defendants appealed to the Superior Court where Carleton dropped its claim and where the other matters were tried for the first time. The court entered judgment in favor of Colorado Industrial and against both plaintiffs. Motion for a new trial was dispensed with. Various errors are urged by the Nitzels relating to proceedings in the municipal court and prior to the trial in superior court, none of which are valid here for the reason that the parties appeared and went to trial without objection in the superior court and

thereby waived any alleged errors in the municipal court and in perfecting the appeal.

The only error of substance urged here is whether the superior court properly entered judgment against Clinton Nitzel, husband of Doris Jane Nitzel. The liability of Doris Jane Nitzel to Colorado Industrial Bank, on her note, has been fixed by the judgment entered thereon and no error is claimed thereby.

Here Colorado Industrial Bank, which asserted itself without dispute to be a bona fide holder of Mrs. Nitzel's note, had the right to assert its counterclaim for the amount due thereon. However, its counterclaim being upon the note as a holder in due course, its rights are limited by the provisions thereof, and it is in no position to assert a claim against the husband as a family expense under C.R.S. '53, 43-1-10. And there is no evidence in this record showing that Mr. Nitzel legally assumed or agreed to pay this indebtedness, thus he cannot be held liable therefor.

As to Mrs. Nitzel's claim against Carleton for alleged breach of contract, the trial court made no ruling thereon after hearing evidence over defendant's objections relating thereto on behalf of Mrs. Nitzel. This matter also should have been decided by the trial court.

The judgment in favor of Colorado Industrial Bank against Mrs. Nitzel is affirmed and reversed as to Mr. Nitzel, and the cause is remanded for a new trial to determine the liability, if any, of Carleton to Mrs. Nitzel.

MR. JUSTICE HALL did not participate.