521 P.2d 1287 (1974)
Christine VALENZUELA and Manuel A. Valenzuela, Plaintiffs-Appellants,
v.
MERCY HOSPITAL, DENVER, COLORADO, a Colorado corporation, et al., Defendants-Appellees.
No. 73-162.
Colorado Court of Appeals, Div. II.
April 16, 1974.
*1288 W. Robert Awenius, Lakewood, for plaintiffs-appellants.
Wagner, Wyers & Vanatta, P. C., Dean R. Vanatta, Denver, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs appeal from a summary judgment dismissing their complaint. Plaintiffs' complaint alleged that plaintiff, Christine Valenzuela, sustained serious bodily injury while a patient at the defendant hospital after being struck on the head by a full intravenous bottle which became dislodged from its standard. The complaint further alleged that the injuries were a result of the negligent acts of unknown employees of the hospital, on or about October 24, 1969. Following pretrial discovery, the parties agreed that the negligent acts, if any, occurred on November 25, 1969. The complaint was filed on March 16, 1972.
Defendants filed a motion for summary judgment alleging that the plaintiffs' action was barred by the two-year statute of limitations found in 1967 Perm.Supp., C.R. S.1963, 87-1-6. Plaintiffs were granted ten days in which to file a brief in opposition to defendants' motion, but failed to do so and the motion was granted on October 17, 1972. Plaintiffs' counsel then filed a motion designated "Motion under Rule 60 to Vacate Summary Judgment" alleging, in effect, excusable neglect in his failure to file a brief in opposition to the summary judgment motion. Following the hearing, the trial court entered an order granting plaintiffs leave to file the brief in reply to defendants' motion for summary judgment, and further ordered that the motion to vacate under C.R.C.P. 60 be construed to be a motion to amend the judgment under C. R.C.P. 59(e). That motion was denied on January 17, 1973, and plaintiffs filed notice of appeal on January 30, 1973.

I
Defendants have asked dismissal of plaintiffs' appeal on the ground that it was untimely filed.
Defendants argue that the trial court abused its discretion by construing plaintiffs' "Motion under Rule 60 to Vacate Summary Judgment" to be a motion to amend the judgment under Rule 59(e). If defendants are correct in that contention, *1289 then, by C.A.R. 4, the time for filing a notice of appeal was not extended by plaintiffs' motion, and therefore, the notice of appeal would not have been timely filed. We do not agree with this contention and find no error in the trial court's action.
While the major thrust of plaintiffs' motion was to justify failure to timely file a brief, the motion also stated grounds upon which plaintiffs sought amendment of the summary judgment entered. Under the circumstances, we cannot say that the trial court abused its discretion in permitting the plaintiffs to file the brief, and construing the remainder of the motion to be a motion to amend under C.R.C.P. 59(e). While a motion under C.R.C.P. 59 is not a prerequisite to appeal from a summary judgment (see C.R.C.P. 56 and 59(h)), C. R.C.P. 59(e) permits the filing of a motion to alter or amend a judgment, and the filing of such motion tolls the running of the time for filing the notice of appeal. C.A. R. 4(a)(3). The appeal was timely, and we will, therefore, address the allegations of error.

II
Plaintiffs allege that the trial court erred in applying 1967 Perm.Supp., C.R.S. 1963, 87-1-6, in bar of their action. Plaintiffs argue that the current statute, 1971 Perm.Supp., C.R.S.1963, 87-1-6, was applicable to the facts of this case and that the action was not barred under that statute. In the alternative, they contend that even if the former statute applies to this case, it does not bar the action.
1967 Perm.Supp., C.R.S.1963, 87-1-6, bars this type of negligence action against a hospital and its employees
"unless such action be instituted within two years after such cause of action accrued."
The statute of limitations was amended in 1971 to prohibit the subject actions
"unless such action be instituted within two years after the person bringing the action either discovered or in exercise of reasonable diligence and concern should have discovered the seriousness and character of his or her injuries and the negligence ... which gave rise to such action." (Emphasis added.)
It is well established that statutes of limitation are remedial and will not be given retroactive application in the absence of an express direction from the legislature to do so. State Highway Department v. Stunkard, 115 Colo. 358, 174 P.2d 346. Where the cause of action accrues prior to the effective date of an amending statute of limitation, the prior statute controls. Jones v. O'Connell, 87 Colo. 103, 285 P. 762. Therefore, in order to determine whether the 1971 amendment applies to this case, it is necessary to determine whether a cause of action had accrued prior to the effective date of the 1971 amendment.
Prior to the 1971 amendment, the Colorado Supreme Court held that, for the purposes of 1967 Perm.Supp., C.R.S.1963, 87-1-6,
"the cause of action `accrues' when the patient discovers or, in the exercise of reasonable diligence, should have discovered the doctor's negligence."
Owens v. Brochner, 172 Colo. 525, 474 P. 2d 603. (Basically, the 1971 amendment codified existing case law. However, the amendment goes one step further in requiring, in addition to discovery of negligence, discovery of the "seriousness and character" of the injuries resulting from the negligence.) Under the facts before us, we can only conclude that a cause of action had accrued under the 1967 amendment as interpreted in Owens v. Brochner, supra.
Plaintiffs discovered the allegedly negligent acts of the defendants immediately upon the occurrence of the incident in the *1290 hospital. Plaintiffs' complaint alleges that Mrs. Valenzuela suffered immediate injuries and was aware of the fact that she had been struck by the intravenous bottle. Thus, a cause of action accrued and the statute of limitations commenced running from the date of the incident. The 1971 amendment cannot be applied to a cause of action which accrued before its effective date. Jones v. O'Connell, supra.
Plaintiffs rely on Nitka v. Bell, 29 Colo.App. 504, 487 P.2d 379 for the proposition that even if the 1967 version of the statute applies in this case, it does not bar the action. However, in that case, plaintiff had no reason to know that the defendants' acts were negligent prior to the medical examination which revealed those acts as the cause of her suffering. In the present case, plaintiff discovered on the day of the incident, not only that the defendants had committed the acts alleged to be negligent, but that she had received injuries attributable to those acts. As a layman, she knew, or should have known, that she had a cause of action. See Owens v. Brochner, supra.
Plaintiffs argue that the affidavits and depositions of the plaintiffs raised a material issue of fact with regard to the date of discovery of the seriousness of Mrs. Valenzuela's injuries and that, therefore, summary judgment was improper. While we agree that a question of fact was raised as to that issue, it was not germane to the question before the trial court since the 1971 amendment does not apply.
The proper inquiry was whether an action had accrued under the provisions of 1967 Perm.Supp., C.R.S.1963, 87-1-6. Since no material issue of fact was before the trial court in regard to that specific determination, summary judgment in favor of the defendant was proper. C.R.C.P. 56(c); O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628.
Judgment affirmed.
ENOCH and RULAND, JJ., concur.