**In re Grace STANTON–RIEGER, Debtor.**

**Bankruptcy No. 82 B 03249 Mc.**

United States Bankruptcy Court,
D. Colorado.

Dec. 20, 1982.

Milnor Senior, III, Denver, Colo., for debtor.

John M. Prentiss, Jr., Denver, Colo., for Business Adjustment.

MINUTES AND ORDER ON ORDER TO SHOW CAUSE WHY BUSINESS ADJUSTMENT SERVICE SHOULD NOT BE HELD IN CONTEMPT OF COURT

JOHN F. McGRATH, Bankruptcy Judge.

The Debtor filed a voluntary petition herein on July 19, 1982, and was granted a discharge on October 18, 1982. Fashion Bar, Inc. was listed as a creditor, however, its assignee, Business Adjustment Service was not listed. Business Adjustment Service was aware of the bankruptcy filing. Grace Stanton-Rieger lives with her husband, Mark Rieger.

On or about September 16, 1982, Business Adjustment Service (Service) sued Mark Rieger (Mark) in the County Court for the County of Denver, Colorado for $779.69 on the Fashion Bar account. Included in the amount sued for was the principal of $613.37, interest of $16.32 and attorney's fees of $150.00. The complaint alleged that the Defendant, Mark Rieger, was liable because of the Family Expense Doctrine, 14–6–110, 1973 C.R.S.

On October 18, 1982, the Debtor filed a Motion for a Contempt Citation alleging that the Family Expense Doctrine did not apply and that this action against her husband was only a subterfuge to evade the Discharge one obtains in a bankruptcy proceeding and also was in violation of the automatic stay provisions of 11 U.S.C. § 362.

The credit application given to Fashion Bar was applied for in the name of Grace S. Rieger only. The testimony showed that there were only four charges to the account. One charge in February of 1982 was in the amount of $522.68 for a loveseat. There were three charges in April of 1982: $39.33 for women's shoes, $31.01 and $39.98 for items of women's sportswear.

■ Jim Dorram of Business Adjustment Service testified that he felt that under the Family Expense Doctrine, 14–6–110, 1973 C.R.S., he was justified in filing this case against Mark Rieger. The allegations state the action was brought pursuant to the Family Expense Doctrine. The Court could hardly, therefore, find him in contempt of the provisions of the Bankruptcy Code.

■ The Colorado statute provides as follows: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." While the wording of the statute seems to be short and simple, the courts have had some difficulty in interpreting it. The statute seems to have been on the books since 1891 and has been the subject of court interpretation. In the case of *Straight v. McKay,* 15 Colo.App. 60, 60 P. 1106 (1900) the Colorado Court of Appeals examined this statute. J.H. McKay entered into a written lease with Straight to rent a home for a term of one year at $70.00 per month. The rent was paid for April and May. At the end of May, J.H. McKay, his wife, Beulah, and the children vacated the premises and the premises were not rented again until September. There was damage to furniture, carpets and furnace in the amount of $90.00. Straight sued Beulah McKay for the $90.00 damage and $210.00 in rent for the three months the premises were unoccupied. The court specifically held that since a family requires a place to live the rent of the house occupied by the family would be a family expense, however, in this particular case the court held since only the husband entered into the contract with Straight, and since the family did not, in fact, occupy the home it, therefore, would not be a family expense. The court further held that any damage to the furniture is not a family expense item. With regard to the wife's obligation, the court stated at p. 62, 60 P. 1106

> An indebtedness for something of which the family, or some one or more of its members, has had the actual benefit, she can be compelled to pay. It was incurred for family expenses. But an indebtedness for something of which neither the family, nor any of its members, has had the enjoyment, she cannot be compelled to pay, unless she contracted the debt herself. The statute does not cover such a debt.

The court also considered this statute in the case of *Houck v. LaJunta Hdwe. Co.,* 50 Colo. 228, 114 P. 645 (1911). In that case the husband purchased a buggy. The court held in that instance that the wife was liable for the debt pursuant to the statute. The court at p. 229, 114 P. 645 went on to state that "... What should be included in the term "family expense," must be determined by the facts and circumstances of each case, subject to the limitation that an article or articles must have been purchased for, and used in and by the family, or some member thereof...." The Supreme Court of Colorado in the case of *Wall v. Crawford,* 103 Colo. 66, 82 P.2d 749 (1938) held that a team of horses to be used on the family farm was in fact a family expense and that the wife was therefore liable on the note signed only by her husband.

The most recent case to interpret this statute is the case of *Nitzel v. Bank,* 145 Colo. 215, 358 P.2d 31 (1960). In that case, Mrs. Nitzel entered into an agreement for the upholstering of a two-piece sectional couch. When the furniture was returned to her she made a payment of $25.03 and

signed a combination note and chattel mortgage agreeing to pay $180.00 for the work. However, when she later inspected the couch she found that the work was unacceptable and that the material used to re-cover the furniture was not wool as agreed. After making her objections known to the upholsterers, she stopped payment on her check and refused to pay the note. The note was then sold to a bank which instituted the proceedings, suing on the note. Judgment was entered by the lower court against Mrs. Nitzel and against her husband, Clinton Nitzel. The court held that since the bank was suing on its note as a holder in due course and the husband had not signed the note, the bank was estopped to assert a claim against the husband as a family expense. In a law review comment on this case, 34 *Rocky Mt.L.Rev.* 240 (1962) the author was of the opinion that the Colorado Supreme Court was strictly construing the law of bills and notes. This he contrasted with the *Wall v. Crawford* case, *supra,* where the husband gave a note for the team of horses but the wife was held liable even though she did not sign the note. The author stated that the plaintiff's claim in the *Wall* case was premised on the Family Expense Doctrine and not on the note, whereas in the *Nitzel* case, it was an action by the bank on the note alone and therefore the bank was held to the provisions of the note alone. This distinction seems to be well taken.

In the instant case the action is brought on the Family Expense Doctrine alone. It would therefore seem to the court that under that theory that the obligation for the loveseat, which is used by and purchased for the family, would be an obligation of the husband of the Debtor even though he was not the contracting party. The personal property to be used by the Debtor alone, the shoes and women's sportswear, does not seem to be a family expense. These are goods used exclusively by the Debtor and sold to her on her credit alone.

The Court therefore finds and concludes that the Complaint filed by Business Adjustment Service against Mark Rieger, insofar as it relates to the $522.68 for the loveseat is included in the Family Expense

Doctrine and can be allowed to proceed. However, the Court limits the lawsuit to this sum alone.

WHEREFORE, IT IS ORDERED that the Business Adjustment Service is not in contempt of the automatic stay provisions of the Bankruptcy Act or of any other sections of the Bankruptcy Code; and it is

FURTHER ORDERED that the Business Adjustment Service is allowed to proceed in its case against Mark Rieger as set forth above.